## ROGERS *vs.* TILLMAN.

1. While the practice of carrying original court records from one county to another for use as evidence is disapproved, yet where an original record has been brought into court and admitted to be such, it is admissible in evidence. A certified copy would not be higher or better evidence than the original.

2. In an action to recover damages for malicious prosecution, it must appear that the defendant prosecuted the plaintiff maliciously and without probable cause.
3. An exception to the entire charge is too general.

March 4, 1884.

Evidence. Damages. Malicious Prosecution. Practice in Supreme Court. Before Judge WILLIS. Muscogee Superior Court. May Term, 1883.

The following, in connection with the decision, sufficiently reports this case: Green B. Rogers sued William L. Tillman for malicious prosecution. The prosecution which formed the basis of this suit charged Rogers with the fraudulent sale of mortgaged property, and of this charge he was acquitted. On the trial of the present case, the original record of an affidavit of illegality, which had been filed by Rogers and tried in Harris superior court, was offered in evidence, together with the verdict and judgment thereon. Defendant objected to the verdict and judgment, on the ground that the paper was an original record of the superior court of Harris county, and that a certified copy was the proper evidence. A note, on the side of the bill of exceptions, states that "counsel for defense consented to the admission of the affidavit of illegality, and admitted that the judgment, order of the court and verdict offered were the original." The verdict and judgment were admitted. (The bill of exceptions is very confused on this subject. It states that the defendant offered the evidence, and objected and excepted to its admission. It probably means the plaintiff.)

The court charged as set out in the decision. The jury found for the defendant, and a judgment was entered accordingly. Plaintiff excepted.

SMITH & RUSSELL; A. A. DOZIER; C. J. THORNTON, for plaintiff in error.

PEABODY & BRANNON, for defendant.

BLANDFORD, Justice.

There are several exceptions taken by the plaintiff to the decisions and rulings of the court below in this case.

(1.) The defendant offered an affidavit of illegality and verdict and judgment thereon in Harris superior court between these same parties, which was objected to by plaintiff, upon the ground that the same had become a record in Harris superior court, but admitted, at the same time, that the papers offered were original. The court overruled this objection, and this is the first error assigned.

(2.) The court charged the jury, "that one man may prosecute another for what he believes to be a violation of the law, and not be liable for damages for so doing; to render him liable, he must do it maliciously and without probable cause; and unless he does this, both concurring, he would not be liable, and the plaintiff could not recover." These are the main errors complained of.

1. The first assignment of error involves a practice which we do not approve. The carrying original papers and records from one court to another should be condemned and checked by the judges of the superior court, yet, as in this case, where the original record was offered in evidence, it being admitted that the same was the original record, it was properly admitted in evidence; a certified copy of this record could not have been higher or better evidence than the original.

2. The next error complained of by the plaintiff was the charge of the court, that to entitle plaintiff to recover damages for malicious prosecution, it must appear that the defendant prosecuted plaintiff maliciously and without probable cause. This charge, it seems to us, is strictly in accordance with the Code, §2982, which declares, " A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, gives him a cause of action."

3. This court has frequently held that it would not con-

sider general exceptions to a charge of the court, but the exception, to be heard here, must specify distinctly the points of the charge excepted to. A careful examination of the whole charge complained of shows that it was legal and fair; that it covered the whole case, including every theory as applicable to plaintiff's case, as well as the case of defendant, and we are satisfied that no injustice has been done to either party thereby.

Judgment affirmed.