HEAD *v.* WOODS, sheriff, for use, etc.

1. Under section 2207 of the code, an agent interposing a claim in behalf of his principal may execute the forthcoming bond required by the statute, whether the agency be created in writing or by parol. This section supplies the legislative authority which was wanting when the case of *Gilmer* v. *Allen*, 9 *Ga.* 208, was decided.

2. Where a date in the certified copy of a record has by a manifest clerical error been improperly transcribed and the true date is obviously inferable from other parts of the record, the error may be disregarded and the copy received in evidence as if the true date appeared directly instead of indirectly.          *Judgment affirmed.*

July 24, 1893.

Action on forthcoming bond. Before Judge FISH. Sumter superior court. November term, 1891.

To the levy of an execution against Tom Hart a claim was interposed by I. N. Hart as agent of M. E. Hart. The property was found subject, and was advertised to

be sold, but was not produced at the time and place of sale. On the trial of a suit on the forthcoming bond, the surety therein objected to the admission in evidence of the bond and claim papers, on the ground that there was no authority of law for I. N. Hart to sign the bond as agent for M. E. Hart without evidence of such authority having been executed under hand and seal.

The plaintiff introduced a certified copy of the verdict and judgment in the claim case. The certificate was dated September 11, 1889. In the caption of the copy appeared " September term, 1888." At the close of the judgment, as transcribed, were the words, "Judgment signed this Sept. 27th, 1889." The surety objected that the certificate showed on its face that it was not true, and on this account the alleged judgment was not admissible.

E. F. HINTON and E. H. CUTTS, for plaintiff in error. J. H. LUMPKIN and W. H. & C. R. McCRORY, contra.