CRAMER & COMPANY *v.* TRUITT.

113    967
114    536

When, on the hearing of a case in a justice's court, objection was made to the admission in evidence of certain documents purporting to be the original record and judgment in a cause tried before a judge of the superior court, the magistrate could not, in passing upon the question thus presented, properly take cognizance of the fact that in the course of a private conversation which had occurred before the pending case came on for trial, one of the attorneys for the party objecting to the introduction of these documents had admitted the genuineness of the same.

The documents were clearly inadmissible, and the facts of the present case distinguish it from that of *Rogers* v. *Tillman*, 72 *Ga.* 479.

Argued May 31, — Decided July 20, 1901.

Certiorari.    Before Judge Lumpkin.    Fulton superior court. November 19, 1900.

*T. C. Battle* and *W. I. Heyward*, for plaintiffs in error.
*C. B. Reynolds*, contra.

LUMPKIN, P. J.    To the levy of an execution based on a judgment rendered by a justice's court in favor of S. M. Truitt, an affidavit of illegality was interposed by H. N. Cramer & Company, the defendants in execution.    The issue thus formed came on for trial before the magistrate, who, after the introduction of certain evidence offered in behalf of the respective parties, dismissed the affidavit of illegality.    Cramer & Company thereupon sued out a certiorari to the superior court, the overruling of which is assigned as error. It appears that on the trial before the magistrate the plaintiff in fi. fa. undertook to show that the issue sought to be raised by the affidavit of illegality was res adjudicata.    To this end he " offered in evidence the original order of the judge of the superior court of Fulton county, dismissing a certiorari in the case of H. M. Cramer

& Co. *v.* S. M. Truitt.   Defendants objected to the introduction of that order of the court, because the best evidence of what the judge did in that proceeding was a certified copy from the minutes of the superior court of Fulton county.   The justice overruled defendants' objection and admitted the order.   The plaintiff offered the original papers for certiorari in the case in which said order was made.   Defendants objected to the same, on the ground that a certified copy of the petition for certiorari, made by the clerk of the superior court of Fulton county, and not the original petition, was the only evidence that could be used in" the justice's court.   The magistrate overruled this objection and admitted these papers.   In the answer filed by the magistrate, he sets forth the following explanation of the rulings just referred to: " While the original certiorari and order of the judge thereon were admitted in evidence, this court nevertheless had knowledge that the same had been dismissed and the judgment of its predecessor ordered to stand as though no certiorari had been taken therefrom.   This was not denied, and was also admitted to be true by . . one of counsel for H. N. Cramer & Co. ˙ This admission, however, was not made during the trial of the case, but was made by him in conversation with respondent before the same came on for trial; and respondent was of the opinion, after hearing the evidence, that said case had been fully adjudicated ·by the judge of the superior court."

It is not to be doubted that the objection urged against the admissibility of what purported to be an original order passed by a judge of the superior court was well taken.   " The only legal way to prove proceedings of the superior court is by an extract from the minutes of that court duly certified by its clerk."   *Bowden* v. *Taylor*, 81 *Ga.* 199.   It is equally well settled that what purports to be an original record of the superior court is not admissible in evidence on the trial of a case pending in another court.   *Bigham* v. *Coleman*, 71 *Ga.* 176; *Ellis* v. *Mills*, 99 *Ga.* 490; *Belt* v. *State*, 103 *Ga.* 13.   The mere fact that it was within the private knowledge of the magistrate that a certiorari had been sued out, and that the judge of the superior court had passed an order dismissing the same, had no bearing upon the question whether or not the papers offered in evidence were admissible.   *Odell* v. *Dozier*, 104 *Ga.* 204.   So the real question presented is whether or not, in view of the magistrate's statement with regard to a conversation which took

place between himself and one of the attorneys for Cramer & Co., the present case falls within the ruling made in *Rogers* v. *Tillman*, 72 *Ga.* 479, which is relied on by the defendant in error. It was in that case held : "While the practice of carrying original court records from one county to another for use as evidence is disapproved, yet where an original record has been brought into court and admitted to be such, it is admissible in evidence. A certified copy would not be higher or better evidence than the original." On the trial of the case, which occurred in Muscogee superior court, "the original record of an affidavit of illegality, which had been filed by Rogers and tried in Harris superior court, was offered in evidence, together with the verdict and judgment thereon." Counsel for the party against whom this evidence was sought to be introduced "consented to the admission of the affidavit of illegality, and admitted that the judgment, order of the court, and verdict offered were the original." In view of this admission, the trial judge permitted the original record to be introduced, notwithstanding the captious objection was urged "that a certified copy was the proper evidence." In this ruling he was sustained by this court. It is important to note that the judge based his action upon a voluntary admission of counsel made in open court during the actual progress of the trial, and not upon any private knowledge which he may as an individual have had concerning the genuineness of the papers in question. This admission of counsel, being made while actively engaged in conducting a pending cause, was certainly binding upon his client. As it was made in open court while the investigation was being carried on, the trial judge could properly take cognizance thereof, base his ruling thereon, and afterwards certify, when signing the bill of exceptions brought to this court, to the facts in regard to the matter.

In the case now under consideration, it affirmatively appears that the magistrate based his ruling, not upon any fact brought to light at the hearing before him, but upon information which he in his individual capacity had, before the case "came on for trial," received from "one of counsel for H. N. Cramer & Co.," during the course of a private conversation with him. This so-called "admission" was not, so far as appears, made by the attorney in the presence of his clients, or while he was undertaking to represent them in the doing of anything connected with the case in which he was

employed as counsel.   It would therefore seem that Cramer & Co.. were not bound thereby.   *Thomas* v. *Kinsey*, 8 *Ga.* 421 ; *Cassels* v. *Usry*, 51 *Ga.* 621.   And if not, then testimony concerning what the attorney said on the occasion referred to could not properly have been admitted on the trial of the case before the magistrate.. *Farrar* v. *Brackett*, 86 *Ga.* 464.   As matter of fact, no evidence. of any admission was offered at that trial, nor during its progress. was there brought to light any information on the subject, of which the magistrate could take cognizance in passing upon the questions. presented to him for decision.   Consequently, there was nothing. concerning an admission to which he could in his judicial capacity properly undertake to certify.   The writ of certiorari called upon him to answer as to what *actually transpired during the progress of the trial.*   All that he stated in his answer with regard to the. information which, prior to the trial, had come to his knowledge in the course of a private conversation with an attorney for one of the parties was entirely gratuitous.   Statements of this character have no proper place in a magistrate's answer, not being responsive. to the writ of certiorari, but totally irrelevant and unauthorized. Nor can they rightly be regarded as competent aliunde evidence. to be considered in passing upon the merits of a duly verified petition for certiorari.   *Scroggins* v. *State*, 55 *Ga.* 380.   Our conclusion therefore is, that the record before us discloses that the magistrate committed palpable error in ruling as he did, and that the judge of the superior court made an equally grave mistake in not. sustaining the certiorari.

*Judgment reversed.   All the Justices concurring.*