13398.   MOODY *et al. v.* BOARD OF COMMISSIONERS OF
APPLING COUNTY *et al.*

JENKINS, P. J.   1. Where, prior to the hearing of a proceeding for the validation of county bonds under the provisions of section 445 et seq. of the Civil Code (1910), the required statutory publication giving notice of the date of hearing has been duly made, " the fact that the hearing was had before the judge on a day other than that named in the published notice does not render the judgment illegal, when it further appears that the case was regularly continued by the court from the day named in the publication to the day on which the hearing was had." *Wimberly* v. *County of Twiggs*, 116 *Ga.* 50, 51 (42 S. E. 478).

2. Where such a case had been duly continued from time to time by previous orders of the court, the last of which continued the hearing until a fixed future date, the court was not without jurisdiction to pass upon and validate the bonds at an earlier date, where, as appears from the record, the order continuing the cause to the future date had never been spread upon the minutes of the court and was still in the breast of the court, and the term of court was still open when the modified order fixing the date of actual hearing was made and when such hearing was had, and where the intervenors who desired to be heard did appear and were actually heard on the date of trial. *Bowen* v. *Wyeth*, 119 *Ga.* 687 (46 S. E. 823).

3. The court properly overruled the demurrer of the intervenors to the petition for validation. The order and notice of election to determine the question as to the issue of the bonds, given by the commissioners of roads and revenues of the county, in the following language, was a sufficient compliance with the provisions of section 440 of the Civil Code (1910), requiring that the purpose for which the bonds were to be issued be stated: " The proceeds to be used in improving and constructing the public roads in and out of said county. The roads first to be improved being the road known as the Stafford's Ferry road leading from Baxley to the Tillman district and to the point of location of the proposed bridge across the Altamaha river at Upper Sisters Bluff upon said bridge being constructed; the road known as the Piney Bluff road; the road known as the Old Screven road leading by Old Homesville and to the point of the intersection of said road with the Surrency and Blackshear road; the road now generally traveled leading from Baxley to Alma; and the road from the Jeff Davis to the Wayne county line recently designated by the State highway board as a State aid road; the funds used in the construction of said road and the Staffords Ferry and Alma roads to be under the direction of the State highway board, and to be refunded to the county under the terms and as provided in the act recently passed creating the State highway board."

(a) The ground that the petition did not show that legal notice as to the date of hearing the petition had been published, as required by section 450 of the Civil Code (1910), is without merit, since under the statute this requirement does not become operative until after the filing of the petition.

4. It is unnecessary to determine whether the effect of the amended highway department act of August 10, 1921 (Ga. L. 1921, p. 199), amending the original act of 1919 reorganizing the highway department (Ga. L. 1919, pp. 242, 252), was to take away from the respective counties of the State the right, under article 6 of the original act, to be reimbursed by the highway department for funds expended upon their roads under the issuance of county bonds. The notice calling an election, dated March 26, 1910, after describing other roads upon which the bond proceeds should be expended, contained this additional clause, " and the road from the Jeff Davis to the Wayne county line recently designated by the State highway board as a State aid road, the funds used in the construction of said road and the Staffords Ferry and Alma roads to be under the direction of the State highway board, and *to be refunded to the county under the terms and as provided in the act recently passed* creating said State highway board." It appears that the election was held on May 12, 1920, that the petition for validation was filed and served, rule nisi issued, and notice of hearing made by the clerk in June, 1920, fixing the date of hearing for June 21, 1920. The validity of the election and the proceeding for validation, therefore, could not be affected by the subsequent act of the legislature, approved August 10, 1921.

5. There was no error in admitting in evidence four issues of the county newspaper publishing official notices, offered for the purpose of showing the required statutory publication of the notice of election, upon the ground that " the original order was inadmissible, and the newspaper was not admissible, and was irrelevant and hearsay. *Schley* v. *Lyon*, 6 *Ga.* 530 (6) ; *Barrett* v. *Butler*, 54 *Ga.* 582, 583; *Southwestern R. Co.* v. *Papot*, 67 *Ga.* 675 (2), 686.

6. The State tendered in evidence also the original order of the commissioners calling the election, and extracts from the original minute book of the commissioners, containing resolutions providing for such election. The intervenors objected to their introduction, upon the ground that they were originals and that only certified copies would be admissible. They contended that the admission of this evidence was error under sections 5799, 5798, and 5753 of the Civil Code (1910). The paper and the minute book were properly verified and were recognized and admitted by the intervenors to be the originals. *Held:* While later decisions of the Supreme Court criticize the propriety, and seem to throw some doubt upon the admissibility, of such evidence (*Daniel* v. *State*, 114 *Ga.* 533 (5), 536, 40 S. E. 805; *Bowden* v. *Taylor*, 81 *Ga.* 199 (3), 6 S. E. 277; *Harvard* v. *Davis*, 145 *Ga.* 580 (5), 89 S. E. 740), this court is bound by the unqualified earlier decision in the case of *Rogers* v. *Tillman*, 72 *Ga.* 479, wherein it was held: " While the practice of carrying original court records from one county to another for use as evidence is disapproved, yet where an original record has been brought into court and admitted to be such, it is admissible in evidence. A certified copy would not be higher or better evidence than the original." This case has never been overruled, and, while distinguished, was in effect approved in *Cramer* v. *Truitt*, 113 *Ga.* 967, 969 (39 S. E. 459). Nor is it in conflict with the earlier case of *Bigham* v. *Coleman*, 71 *Ga.* 176 (5), where the ruling turned on the manner of proof of the original

by an attorney who claimed—to have obtained its custody. See also *Penick* v. *County of Morgan*, 131 *Ga.* 385 (5, 6), 392 (62 S. E. 300). The papers objected to in the instant case, being admittedly originals, were not inadmissible, although the better method of proof under section 5799 of the Civil Code would have been by properly exemplified copies.

7. One of the assignments of error is that the order validating the bonds is without evidence to support it. The record fails to show any legal proof as to the number of qualified voters in the county. The "two thirds of the voters" required by section 442 of the Civil Code of 1910, as construed by the Supreme Court with the amendment of 1918 (Ga. L. 1918, p. 99) to article 7, section 7, paragraph 1 of the State constitution (Civil Code of 1910, § 6563), "means two thirds of the qualified voters of the county . . . voting at said election, provided said two thirds so voting constitute a majority of the registered voters." *Chapman* v. *Sumner Consolidated School Dist.*, 152 *Ga.* 450 (109 S. E. 129); 28 *Ga. App.* 152 (110 S. E. 453). The proper method of determining whether such two thirds constituted a majority of the registered qualified voters was by reference to the registration list of the voters of the county. *Floyd County* v. *State*, 112 *Ga.* 794 (38 S. E. 37). The only evidence in the record by which the petitioner attempted to support this essential allegation was, (1) the answer filed by the commissioners to the petition of the solicitor-general, and (2) the original consolidation sheet, showing not only the number of votes cast for and against the bonds in the several election districts of the county and consolidating the totals, but also containing the statement, "Whole number of votes registered, 1990." In a contest between the State and intervenors objecting to the validation of county bonds under sections 445 et seq. of the Civil Code, the burden is on the State to prove all the material facts requisite for validation; and, county officers who file an answer to the petition of the solicitor-general being in effect the moving parties, admissions in such answer are not legal evidence against the intervenors. *Harrell* v. *Town of Whigham*, 141 *Ga.* 322 (2), 325 (80 S. E. 1010). The erroneous admission in evidence of such answer over objection of the intervenors therefore did not constitute any sort of legal proof to establish the number of qualified voters necessary in determining whether a majority favored the bond issue. Nor was this fact established by the statement in the consolidation sheet prepared by the commissioners of roads and revenues themselves. While the paper as a whole was not inadmissible as against the general objection that it was an original and not a certified copy, and that it contained merely unverified figures purporting to show the election results (because it was competent to show the numbers of votes cast for and against the bonds), yet it did not afford evidence of any probative value to establish the number of registered voters. The record thus failing to show the requisite majority of registered voters as having voted for the bonds, the judgment of the court below must be reversed upon the ground that the judgment of validation is unsupported by evidence. *Richter* v. *Chatham County*, 146 *Ga.* 218 (3), 221 (91 S. E. 35). *Judgment reversed. Stephens, J., concurs.*

DECIDED JULY 24, 1922.

Validation of county bonds; from Appling superior court — Judge Summerall. January 4, 1922.

*S. D. Dell, J. B. Moore,* for plaintiffs in error.

*Alvin V. Sellers, solicitor-general, V. E. Padgett,* contra.