20033. OXFORD *v.* THE STATE.

DECIDED NOVEMBER 12, 1929.

*Reuben A. Garland, James A. Aldred,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

LUKE, J. The indictment in this case, drawn under the Penal Code (1910), § 259, charges that A. P. Oxford did commit the of-

fense of perjury in that he falsely testified in the case of the State
v. Horace Reed, which was a robbery case on trial in Fulton superior
court, as follows: "I work on the corner of Davis and Mitchell
streets, at a restaurant that is run by Sam Doty. I know about
this boy (meaning Horace Reed) working at Mitchell and Mangum
street because I used to be at Mitchell and Mangum myself. I just
work in the restaurant, keeping the restaurant clean and waiting on
people. I work for Sam Doty on a salary of $10 a week." The
indictment further alleges that this testimony was known to the
accused to be false when he gave it; and that it was material in that
it affected Oxford's credibility for the following reason: After a
police officer had testified that a certain overcoat, which had been
identified by the victim of the alleged robbery as being the same
coat worn by said Reed at the time of said robbery, was found in
Horace Reed's room, Oxford swore that he took the said overcoat to
Reed's room after Reed had been put in jail.

Two witnesses testified as to the falsity of Oxford's testimony as
alleged, and the only question meriting discussion under the general
grounds of the motion for a new trial is whether or not that part
of the defendant's testimony alleged to be false was material.

Referring to a defendant in a perjury case, the Supreme Court in
the case of *Wilson* v. *State,* 115 *Ga.* 206, 208, said: "If he is called
to testify to any material issue in the case, any matter relating to
his credibility as a witness becomes collaterally material to the
issue on trial; and being thus collaterally material, perjury may be
assigned upon false testimony affecting the credibility of a witness."
The writer of the foregoing opinion quoted from Bishop on Crimi-
nal Law, Vol. 2 (8th ed. § 1032 (3)), as follows: "The credit of
a witness is always an element adapted to vary the result of the
trial of a fact; therefore it is a collateral issue therein. And it is
perjury to swear corruptly and falsely to anything affecting such
credit; as, that he has not made a specific statement material in
the case, that he has not expressed hostility to the defendant, that
he has never been in prison."

The defendant was a very important witness in the robbery case,
and his testimony that the overcoat identified as being worn by
the defendant in that case was put by himself in that defendant's
room after he had been put in jail, tended strongly to controvert
the State's evidence that Horace Reed had on the overcoat when the

robbery was committed. For Oxford then to testify in effect that he was working for a stipulated salary at a designated place for a named person would, we think, have a strong tendency to put him in the good graces of the jury and cause them to give credence to his other testimony. We hold that Oxford's testimony was material as alleged, and that there is no merit in the general grounds of the motion for a new trial.

Special ground 1 complains that the court "failed to sufficiently and explicitly set forth defendant's contention" as to the alleged false testimony set out in the indictment, and failed to charge that it was necessary to show that defendant intended to swear falsely when he gave the alleged false testimony. The court charged fully and fairly the material issues in the case; and if the defendant wished his contentions set out more in detail, he should have made a timely and appropriate written request therefor. See *Reed* v. *State,* 168 *Ga.* 731 (149 S. E. 23). The court charged the definition of perjury as laid down in the Penal Code (1910), § 259, and instructed the jury that the defendant must know the falsity of his testimony. The code section referred to reads in part, "Perjury shall consist in wilfully, knowingly, absolutely, and falsely swearing. . ." It is inconceivable that the jury could have thought that "knowingly" had reference to any other time than when the witness gave the alleged false testimony. Certainly this code section, when construed in the light of the charge as a whole, could not have been misunderstood by the jury. There is no merit in this special ground.

Special ground 2 is this: "Because the uncontradicted evidence showed that the defendant was present at the place of Sam Doty practically all day." Clearly this ground is insufficient to present anything for this court to decide. Furthermore, it is, if anything, an elaboration of the general grounds, and has already been decided adversely to the movant.

Special ground 3 complains that the court erred in failing to give a charge set out therein, which undertakes to elaborate the defendant's contentions. The charge of the court was full and fair as to the defendant's contentions, and there was no request that it be amplified in this regard. This ground is without merit. See the ruling on ground 1 supra, citing *Reed* v. *State.*

Ground 4 is another complaint that the court failed to charge the defendant's contentions with sufficient fullness. It is obviously not good.

Ground 5 is that the court failed to charge the jury clearly that the defendant must know at the time he gives the alleged false testimony that it is false. The question raised here has already been decided adversely to the movant, in our ruling on special ground 1.

Special ground 6 is that the court failed to charge the rule laid down in the Penal Code (1910), § 1017, to the effect that a conviction of perjury requires two witnesses, or one witness and corroborating circumstances. This contention is not good, in the light of the decision in *Manning* v. *State*, 33 *Ga. App.* 610 (6) (127 S. E. 475), in which it was said: "Where a person accused of perjury is on trial, the judge should instruct the jury that before they would be authorized to convict the accused, the charge must be established by the testimony of two witnesses or by one witness and corroborating circumstances. Penal Code (1910), § 1017. However, the failure so to charge in this case could not have been harmful to the cause of the defendant, as he introduced no evidence, and two or more witnesses for the plaintiff testified positively to each of the material allegations in the indictment."

Special ground 7 is no more than an insistence upon the general grounds, which have already been passed on. For no reason assigned did the court err in overruling the motion for a new trial. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*