## 20060.   GRIFFIN v. GARRETT MOTOR COMPANY.

PER CURIAM.  1. There was a sufficient assignment of error in the bill of exceptions upon a final judgment—the overruling of the motion for a new trial.  *Holmes* v. *Pope*, 1 *Ga. App.* 338, 340 (58 S. E. 281), and citations.  The other grounds of the motion to dismiss the bill of exceptions are without substantial merit, and the motion is denied.

2. The bill of exceptions contains no assignment of error upon either the exceptions pendente lite or the judgments therein complained of. Therefore, under repeated rulings of the Supreme Court and of this court, the exceptions pendente lite can not be considered.

3. Under all the facts of the case the court did not err in admitting in evidence page 513 of Mortgage Book 31 of the public records of Berrien county, showing the record of the contract between the parties to this case.  See, in this connection, *Moody* v. *Board of Commissioners*, 29 *Ga. App.* 21 (6) (113 S. E. 103), and cit.

4. Under the provisions of the contract entered into by the parties, and the other evidence adduced, the court did not err in directing a verdict in favor of the plaintiff for the full amount sued for.

5 The refusal to grant a new trial was not error.

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.  Luke, J., dissents.*

DECIDED APRIL 15, 1930.

*H. L. Jackson, William Story, E. H. Griner,* for plaintiff in error.
*E. R. Smith,* contra.

LUKE, J., dissenting.  Special ground 3 of the motion for a new trial complains of the introduction in evidence, over timely objection, of "page 513 of Mortgage Book 31 of the public records of Berrien county, Georgia, showing records of a retain title note, dated June 10, 1926, signed by Noel E. Griffin, and made payable to Garrett Motor Company, retaining the title to one Chevrolet coupe, motor No. 2443142, copy of which follows:"  Then follows a copy of the alleged retention-of-title paper.  The objection to this evidence as shown by the ground of the motion, which is approved as true and correct by the trial judge, is as follows:  "The error in admitting said documentary evidence, over the objection of the defendant, being that said action of the court was contrary to law; that the page of the mortgage record was neither a certified copy, nor the original; that there had been no notice to produce made or served in said case, and the admission of said record was harmful and prejudicial to the rights of the defendant, and such action on the part of the court requires a reversal of the case.  All

of these reasons were assigned and urged when the paper was offered in evidence, and the court then and there overruled each and all of the above objections and permitted and allowed the paper to go in evidence, and error was assigned thereon."

"The best evidence which exists of the fact sought to be proved must be produced, unless its absence is satisfactorily accounted for." Civil Code (1910), § 5748. "The certificate or attestation of any public officer, either of this State or any county thereof, shall give sufficient validity or authenticity to any copy or transcript of any record, document, paper of file, or other matter or thing in their respective offices, or pertaining thereto, to admit the same in evidence in any court of this State." Civil Code (1910), § 5798. "Such exemplifications shall be *primary evidence as to all records* or other things required by law to remain in such offices, but only secondary evidence as to such documents as by law properly remain in the possession of the party." Civil Code (1910), § 5799. "If the original of any paper, properly registered, is lost or destroyed, a certified copy from the registry shall be deemed good secondary evidence." Civil Code (1910), § 5806. "A certified copy is *primary evidence* of the contents of any book or paper which is required by law to be kept in the office of its custodian." Daniel v. State, 114 Ga. 533 (5) (40 S. E. 805). And in the opinion in that case the Supreme Court said: "The law specifically defines the method to be pursued in proving the contents of records of this character [minutes], and prescribes that as to all records required by law to remain in the office of their custodian certified copies shall be *primary* evidence." (Italics ours.) See also Bowden v. Taylor, 81 Ga. 199 (3) (6 S. E. 277). The certificate of the officer is secondary evidence of the document sought to be proved, but primary evidence of the record. I am not unmindful of the holding in the case cited, in the majority opinion, on this question; but in view of the fundamental law above cited, and all the objections urged and certified to be true and correct by the trial judge, and particularly the objection that "the page of the mortgage record was neither a certified copy, nor the original," I am of the opinion that the admission in evidence of this alleged page of the record, over appropriate objection, was error requiring a reversal.