PEERLESS LAUNDRY COMPANY *v.* ABRAHAM, executrix, *et al.*

180

No. 13879. OCTOBER 25, 1941. REHEARING DENIED NOVEMBER 13, 1941.

*Fleming & Fleming,* for plaintiff.

*Curry & Curry,* for defendants.

GRICE, Justice. The headnotes express the opinion of the majority of the court; and although prepared by the writer, he and Chief Justice Reid dissent from the conclusion there reached. The

material facts are these: To the plaintiff's action the defendant filed a plea of res adjudicata. By consent this issue was tried first, and the jury returned a verdict in favor of the defendant on the plea. The plaintiff filed a motion for new trial, which after consideration, the judge overruled. In the judgment overruling the motion the judge ordered that the plaintiff's case be dismissed. The plaintiff brought the case to this court, excepting to the overruling of the motion, but did not except to that part of the judgment dismissing the case. It is the opinion of the majority that this omission to assign error on that part of the judgment dismissing the plaintiff's case is fatal to the jurisdiction of this court to entertain the writ of error. They are influenced, if not controlled in this, by the rulings in *City of Tallapoosa* v. *Brock,* 143 *Ga.* 599 (85 S. E. 755); *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292), and decisions based thereon. It is our judgment that the present decision of the majority is not a logical extension of the decision in the *City of Tallapoosa* and related cases. If it be, and if our decisions must follow the lines of strict logic, then the conclusion reached by the majority should demonstrate the incorrectness of those decisions, requiring that they be overruled. In those two cases it was held that a judgment of a judge without the intervention of a jury, finding against a plea of res adjudicata "is not a final judgment that can be reviewed by direct bill of exceptions." Following this are such decisions as *Harris* v. *Stowers,* 192 *Ga.* 215 (supra), holding that a judgment of a judge without the intervention of a jury, in favor of a plea of res judicata, but not ordering that the case be dismissed, would not support a direct bill of exceptions; *Douglas* v. *Hardin,* 163 *Ga.* 643 (supra), holding that "The direction of a verdict finding against a plea of res adjudicata is not such a final judgment as is subject to review by direct bill of exceptions;" and *Loveless* v. *McCollum,* 189 *Ga.* 219 (supra), holding that a direct bill of exceptions will not lie to the direction of a verdict in favor of a plea of res adjudicata, where no judgment had been entered dismissing the case and no assignment of error thereon. The majority also cite decisions which establish the general proposition that a direct bill of exceptions to a ruling made pendente lite, which does not assign error upon any final judgment, or a judgment which would have been final if rendered as claimed by the plaintiff in error, will not be entertained by this court.

182

Under our Code, § 6-701, no case may be brought to this court while pending in the court below, unless the judgment complained of would have been final if rendered as claimed by the plaintiff in error. In the *City of Tallapoosa* and the *English* cases, the judge found against the plea of res adjudicata. This, of course, left the case pending for trial as if no such plea had been filed. The question presented was whether the judgment complained of would have been final if rendered as claimed by the plaintiff in error. The court seems to have reasoned that if the judgment of the judge had been as claimed by the plaintiff in error, it would have been one simply finding in favor of the plea; and that since it would be necessary, in order to finally terminate the case, that the judge order its dismissal, such judgment would not be a final one. This was in fact the situation presented in the *Harris* case, supra. The judge found in favor of the plea, but did not provide in the judgment that the case be dismissed. While it is our view that when a judge sitting by agreement, without the intervention of a jury, enters a judgment finding in favor of a plea of res adjudicata, he should properly also provide therein that the case be dismissed, and that the reasoning of the court in those cases seems to assume that the judge would not, if he found in favor of the plea, complete his judgment, and accordingly that those decisions are erroneous, we do not think that it is necessary to overrule them in order to entertain the present writ of error. Nor do we think the other decisions cited require that the present writ of error be dismissed. In none of those cases was there, as here, a motion for new trial.

In a case where the defendant simply files an answer denying the material allegations of the petition, and a verdict for the defendant is rendered, if the plaintiff prosecutes a direct bill of exceptions assigning error on some controlling rulings made during the progress of the trial, such as the admission or exclusion of evidence, he must disclose a final judgment on the verdict in favor of the defendant, and must assign error thereon. *McRae* v. *Boykin,* 50 *Ga. App.* 866 (179 S. E. 535); *Boykin* v. *McRae,* 182 *Ga.* 252 (185 S. E. 246). It would seem a fallacy, however, to reason from this that since the judgment in favor of the defendant is the final judgment which supports the direct bill in such case, and as to which there must be assignment of error, it is also the final judgment which must support a bill of exceptions where in a similar case the plain-

tiff makes a motion for new trial which is overruled, and exceptions to that ruling are taken. We say this in view of the decision of this court in *Alred* v. *Alred,* 164 *Ga.* 186 (137 S. E. 823), and the uniform practice that has long prevailed, that "A judgment overruling a motion for new trial, after verdict, is a final judgment on which a writ of error lies, although no judgment on the verdict has been entered." See *Avery* v. *Sorrell,* 25 *Ga. App.* 641 (104 S. E. 26) ; *Griffin* v. *Garrett Motor Co.,* 41 *Ga. App.* 308 (153 S. E. 74). In all of the cases first above cited, there were direct bills of exceptions, and no motion for new trial was involved. In the present case there is a motion for new trial, to the overruling of which exceptions are taken. Thus while it may be true, in a case where there is a verdict in favor of a defendant on a plea of res adjudicata, that in order to maintain a direct bill of exceptions assigning error on some controlling ruling in the trial, such as the admission or exclusion of evidence, there should be an assignment of error on the judgment dismissing the action, yet, as in the case of a general verdict as shown above, it should not follow that when a motion for new trial is made and overruled, a bill of exceptions to that ruling will not lie without also assigning error on the judgment dismissing the action. Let us take the two types of cases: The first, as here, where there is a verdict for the defendant on a plea of res adjudicata; and second, where there is no plea of res adjudicata but simply an answer denying the material allegations of the plaintiff's petition, and there is a verdict in favor of the defendant. The verdict is necessarily conclusive in both cases; that is to say, the defendant must prevail as a matter of law. No further proceedings are to be had in either case, except a judgment carrying out the effect of the verdict, the only difference being that in the one case the judgment is a dismissal, and in the other a general judgment for the defendant. If a judgment overruling a motion for new trial is a final judgment in the one case on which a bill of exceptions can be predicated, without showing the existence of a general judgment for the defendant, and if it be shown, without assigning any error thereon, then we fail to see why a judgment overruling a motion for new trial in the other case can not be considered as a final judgment, without showing or assigning error on a judgment of dismissal. We are of the opinion that if there is a *verdict for the defendant with respect to the cause of action declared*

*upon by the plaintiff*, irrespective of what line of defense it may be based upon, that is, whether based on the principle of law that a former judgment concludes the matter, or on a finding of the facts against the plaintiff, a judgment overruling a motion for new trial will support a bill of exceptions to this court, without excepting to a judgment for the defendant or a judgment of dismissal, as the case may be. The fact is that, as respects a finding on a plea of res adjudicata, we have only recently expressly so decided. In *Whitfield* v. *Maddox*, 189 *Ga.* 878 (supra), we ruled: "The jury returned a verdict sustaining a plea of res judicata, and a general judgment in favor of the defendant was entered. The plaintiff's motion for new trial was overruled. He excepted, assigning error on the judgment overruling his motion for new trial and on his exception pendente lite to the overruling of a demurrer to the plea. The motion to dismiss the writ of error on the grounds that it is premature and contains no assignment of error on a final judgment is denied." In addition to this, we entertained a bill of exceptions to the overruling of a motion for new trial based upon a verdict of a jury finding in favor of a plea of res judicata, wherein, as appears from the record on file in the office of the clerk, the only assignment of error made was on the judgment overruling the motion. *Crane* v. *Stratton*, 185 *Ga.* 234 (194 S. E. 182). We are sure that if time permitted, many more physical precedents of similar character could be found.

To further illustrate that in a case such as the present the judgment of dismissal is not the final judgment upon which error must be assigned, we may look to the case of *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 354 (supra). That decision lays down the manner of assignment of error on a final judgment in a bill of exceptions to this court. If error can not be assigned on the judgment of dismissal in the present case in the way there pointed out, that is an indication that it is not in this case the final judgment. There is, first, an assignment of error on a final judgment as being erroneous in itself. Surely a judgment of dismissal which necessarily and properly follows upon a verdict finding in favor of a plea of res adjudicata can not be said to be erroneous in itself. It may be erroneous because the verdict is wrong, or because of some error in the trial; but it is not itself erroneous. As therein illustrated, such a judgment would be one which "did not follow

the verdict; or was rendered in vacation without authority of law." Then, lastly, can error be assigned thereon as having been controlled by an antecedent erroneous ruling? It is to be remembered in this connection that the judgment overruling the motion for new trial is the error sought to be reached. Such a judgment, in the ordinary course of things comes long after the judgment of dismissal entered upon the verdict. In other words, the judgment overruling the motion for new trial is the *last and final* judgment rendered in the case, and in no proper sense is it an interlocutory judgment erroneously controlling the dismissal. Thus, while in the present case the dismissal of the action and the overruling of the motion were contained in one judgment, it is true that the judgment of dismissal could have been entered at any time after verdict and before or pending the motion; and accordingly it can not be said that the judgment overruling the motion is "one preceding the final judgment," which "entered into and affected" the dismissal, within the ruling in the *Lyndon* case.

This case should be distinguished from such cases as *Jones* v. *Daniel,* 106 *Ga.* 850 (33 S. E. 41). That was an action in ejectment. At the conclusion of the plaintiff's evidence the defendant offered in evidence a deed purporting to have been made by the plaintiff. The plaintiff thereupon filed an affidavit of forgery, and this issue was submitted to the jury. The jury found that the deed was a forgery. The defendant moved for a new trial, which was denied, and he brought the case to this court. The court held that the main case was still pending in the court below, and that the bill of exceptions was premature. In that case it was necessary that *another verdict* be entered before a judgment could be rendered. The verdict that the deed was a forgery was not one upon which there necessarily followed, ex proprio vigore, a judgment in the case, as is true of a verdict finding in favor of a plea of res judicata. If, the deed having been found to have been a forgery, the defendant could not further travel, and the plaintiff showed title, the judge should direct a verdict for the plaintiff. If the defendant could, despite the elimination of this deed by the verdict, show title in some other manner, the case should still proceed to a final verdict. In the present case, after the verdict in favor of the defendant on the plea of res judicata, there was no further trial to be had and no further verdict to be entered, but simply a judgment dismissing the case.

It has never been held that this court will not entertain jurisdiction of a writ of error such as this, where, in addition to exceptions to rulings made in limine, error is assigned on the refusal to grant a new trial in a case where the jury by their finding sustained a plea of res judicata; thus delivering a mortal blow to the plaintiff's case, and there is no reason now so to rule. The case, in our opinion, should be considered on its merits.