A90A1892. MASON v. THE STATE.

(398 SE2d 822)

DEEN, Presiding Judge.

On December 18, 1986, a Rockdale County police officer made a traffic stop that resulted in charging the driver, who identified himself as Steven G. Stubblefield, with driving under the influence and driving without brake lights. The driver presented at that time a driver's license bearing the name of Stubblefield. On February 23, 1987, the person posing as Stubblefield appeared before the probate court and signed a petition for plea of nolo contendere on the DUI charge, which was accepted by the probate court. This "Stubblefield" also paid a $440 fine on the spot. An attorney signed the petition on Stubblefield's behalf.

In June 1987, the real Stubblefield contacted the Rockdale County Sheriff's Department after being informed by the Georgia Department of Public Safety that his driver's license was being suspended due to the December 1986 DUI. The arrest record was pulled, and the photograph of the person arrested was not that of the real Stubblefield. The sheriff's department contacted the person who had bonded out the imposter, and consequently pulled the fingerprint records on file of a Thomas Mason, Jr., for comparison with the fingerprints taken on December 18, 1986, of the individual arrested. A latent print examiner with the state crime lab had no doubt that the fingerprints matched.

Subsequently, Mason was arrested, tried, and convicted of driving under the influence, perjury, forgery in the first degree, and giving a false name to a law enforcement officer. He appeals only the judgment of conviction entered on the perjury and forgery charges. *Held*:

1. After the state made its opening statement, defense counsel

indicated his preference to wait until the state rested in its case-in-chief before making opening statement. The trial court, however, ruled that if defense counsel wanted to make an opening statement, he would have to do so immediately following that of the state. Consequently, defense counsel made no opening statement, and on appeal Mason contends that the trial court's policy denied him effective use of counsel and due process of law.

Rule 10.2 of the Uniform Superior Court Rules provides that "[d]efense counsel may make an opening statement immediately after the state's opening statement and prior to introduction of evidence, or following the conclusion of the state's presentation of evidence. Defense counsel's statement shall be restricted to expected proof by legally admissible evidence, or the lack of evidence." Rule 10.2 apparently gives defense counsel the option to wait until the state rests its case before making an opening statement, but in the instant case we are unable to find any harm in the trial court's dishonor of that option. The defense presented no evidence. Given that circumstance, the only purpose of making an opening statement following the presentation of the state's evidence would have been to comment on that evidence, which the defense had the opportunity to do during the closing argument.

2. Mason contends that under OCGA § 24-5-31, the trial court erred in admitting into evidence the original records from the probate court. "While later decisions of the Supreme Court criticize the propriety, and seem to throw some doubt upon the admissibility, of such evidence ([cits.]), this court is bound by the unqualified earlier decision in the case of *Rogers v. Tillman*, 72 Ga. 479, wherein it was held: 'While the practice of carrying original court records from one county to another for use as evidence is disapproved, yet where an original record has been brought into court and admitted to be such, it is admissible in evidence. A certified copy would not be higher or better evidence than the original.' " *Moody v. Bd. of Commissioners*, 29 Ga. App. 21, 22 (113 SE 103) (1922).

3. The evidence proved the offenses of forgery in the first degree, as defined at OCGA § 16-9-1, and perjury, as defined at OCGA § 16-10-70. Mason correctly points out that proof of perjury requires either two witnesses or evidence of corroborating circumstances. OCGA § 24-4-8, generally. However, that evidentiary requirement was met in the instant case by the testimony of the probate judge and the attorney who signed the nolo petition on behalf of "Stubblefield." For that reason, along with the fact that Mason introduced no evidence, no harm resulted from the trial court's failure to charge the jury on this evidentiary requirement. *Oxford v. State*, 40 Ga. App. 511 (150 SE 466) (1929).

4. The trial court charged the jury on the state's burden of prov-

ing beyond a reasonable doubt Mason's guilt as charged. Mason now contends that the trial court should have also given a charge on identification, even though none was requested. The jury charge as given, however, clearly informed the jury of its task of deciding whether the state had proven that Mason had committed the offenses as charged. There was no need to give a charge on identification, which usually applies to cases involving the defense of misidentification. See, e.g., *Shepherd v. State*, 234 Ga. 75 (214 SE2d 535) (1975).

5. Viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find Mason guilty beyond a reasonable doubt of perjury and forgery in the first degree. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope and Beasley, JJ., concur specially.*

POPE, Judge, concurring specially.

The parties are entitled to rely on the rights and procedures set forth in the Uniform Superior Court Rules. The Supreme Court of Georgia, with the advice and consent of the Council of Superior Court Judges, promulgated Rule 10.2 and saw fit to grant defendants in criminal cases the right to wait and see what the State proved or failed to prove before setting forth their statement of the case to the jury. The very purpose of adopting the Uniform Rules was to assure uniformity of practices among the many trial courts of Georgia. The trial judge in this case ignored the Uniform Rules and announced, in effect, it is the policy of his court to require even the defendant to make whatever opening statement he wishes to make before any evidence is presented. This is erroneous and violates defendants' rights to rely on the Uniform Rules to plan trial strategy.

Here, for example, directed verdict of acquittal was granted on the count charging defendant with driving while there was .12 percent or more by weight of alcohol in his blood because of the State's failure to present evidence of the lab results. If defendant had made his opening statement before the presentation of the State's case, in compliance with the trial court's local rule, defendant would have been required unnecessarily to comment upon the expected evidence when, in fact, the State did not present the evidence. We can imagine a scenario in which the defendant would be required, by the rule imposed by this trial court, to announce his intention to present evidence of certain matters when, if he had been allowed to wait and see what evidence the State would present, as provided in the Uniform Rules, he might have chosen to rest or not to present the evidence referred to in his opening statement. A defendant should be able to rely on the Uniform Rules when planning his trial strategy. However, here the defendant did not make an opening statement before the State's evidence was presented, he obtained a directed verdict in his favor on

one count of the indictment and he chose not to present any evidence. In this case, we see no way in which defendant's right to plan his trial strategy in reliance upon the Uniform Rules was impaired. Therefore, the conviction need not be overturned where, as here, no prejudice is shown to the complaining party by the trial court's failure to follow a procedural rule. See *Cox v. State*, 197 Ga. App. 240 (1) (398 SE2d 262) (1990) (in which the trial court's failure to rule prior to trial on the admissibility of evidence of similar transactions, as required by Rule 31.1, was not reversible error because no prejudice was shown to the defendant under the specific facts of the case). However, I do not wish the affirmance of this case to be interpreted as showing disregard for the enforcement of the Uniform Rules. The trial courts are required to follow them.

I am authorized to state that Judge Beasley joins in this special concurrence.

DECIDED NOVEMBER 8, 1990.

*Paul S. Weiner*, for appellant.
*Robert F. Mumford, District Attorney*, for appellee.