NANCY BYRD *et al.*, plaintiffs in error, *vs.* JOHN P. BYRD, defendant in error.

A died leaving a will providing that each of his children on coming of age should receive two negroes, at a valuation, and the balance of the estate remain together for the support of the others until the youngest came of age, when the whole should be equally divided, each accounting for the negroes received, according to their value.   And one of the children came of age in 1861, and received his two negroes and receipted for them at the value of $1,100 00, and after the war, and the emancipation of the slaves, all the legatees met and divided

Byrd *et al. vs.* Byrd.

the lands equally, not charging the negroes received in 1861 against the legatee who received them, and making mutual deeds to each other of the lands falling to each, all being of full age, and aware of the receipt of the negroes as stated :

*Held*, That in the absence of any charge of fraud or mistake or ignorance or of any other reservation or agreement, a bill is demurrable which prays a cancellation of the deeds to the legatee receiving the negroes, and seeks that he be compelled to account to the other legatees for their estimated value. The deeds are, *prima facie*, an accord and satisfaction, and if made without fraud or mistake are binding as an executed settlement and division of the property bequeathed by the will.

Wills. Conveyancing. Pleading. Before Judge HAR-VEY. Chambers. Floyd county. May, 1871.

This bill by Nancy A. Byrd and Thomas M. Byrd against John P. Byrd, contained the following averments : They are all heirs of John G. Byrd and distributees of his estate. He died testate, leaving $7,500 00 of property, consisting of land, slaves, etc. His wife was made his executrix, and the will directed the property to be kept together for a term stated and then divided equally between herself and the six children, except that certain of them were to receive certain slaves at a valuation, and account for them in the final distribution. In May, 1861, John P. received from the executrix property valued at $1,100 00, according to the provisions of the will. The results of the war so changed the value and character of the estate that it is impossible now so to divide it that complainants can get $1,100 00 as their shares. In November, 1868, the land belonging to the estate was divided by deeds among the heirs, and John P. received in said division the east half of land lot number one hundred and fourteen, in the fourteenth district and second section of said county, containing eighty acres, and also thirty-two acres of number one hundred and thirty-nine of the same section, worth $1,500 00. The deeds made and executed by the heirs, distributees and legatees of the estate are void, and were delivered without consideration ; for the land belonged to said estate and should

have been made to pay complainants as much as would make them equal to John P. And this land still belongs to the estate. They specifically set forth how much money it would require to make this equality, and prayed that said deeds be canceled and the land sold for distribution.

This bill was demurred to as insufficient in law, and the Chancellor dismissed it. That is assigned as error.

UNDERWOOD & ROWELL, for plaintiffs in error.

WRIGHT & FEATHERSTON; ROBERT FOUCHE, for defendant.

McCAY, Judge.

This bill admits that the defendant holds the deeds *it* seeks to have delivered up to be canceled, by their *own act*. It does not charge that they were made under a mistake, or procured by any fraud, or that either of the signers were under any disability. They do not even assert that they were made in ignorance of any legal rights in the grantees. It is true the bill does charge that they were made without consideration, and adds that they are therefore void. But we do not agree with the conclusion thus arrived at. A deed to lands, fully executed, is not void for want of a valuable consideration. If there be a good consideration it is valid: Code, section 2648. And if the property be delivered in pursuance of the deed it is good without any consideration at all, as a gift: Code, section 2615. This bill does not set forth the deeds, and we are unable to say whether they purport to be for a valuable consideration or a good consideration, or whether they are based upon the mutual deeds made by all parties at the division. Nor does the bill say, in terms, that possession went in accordance with the deeds. But it is the duty of a complainant to state his own case, and the Court will not infer facts to help him. The bill says the defendant *received* these lands in the division, and the in-

Byrd *et al.* *vs.* Byrd.

ference is irresistible that he took possession, unless it be stated to the contrary.

Why, then, should this solemn act of the parties be set aside? Was it done under a mistake? Was there any deception? Was it supposed, at the time, that there was other property, out of which the equality, so insisted upon, could be effected? Nothing of this kind is stated. We suspect the truth to be, that the parties have simply *changed their minds;* that when their lands came to be divided, all parties felt that the equality, the testator provided for, could be best secured by paying no attention to negro property, which this defendant had got in 1861. It had probably met with the same fate, as did the negroes which remained undistributed in the hands of the executrix. If this was the truth, it was eminently proper, as a matter of honest equity and brotherly fairness, that they should not be counted. And if they had been sold by him, and the other legatees, with a knowledge that he had received them without mistake, or fraud, or ignorance, consented that he should come in to a full share of the lands, and that consent has been carried into execution, we see no way to help them on their subsequent repentance. The bill seems to take special care not to set forth the whole of the case. It uses only general terms, and were it not that the bill is made an exhibit, we would not even know that this $1,100 00 was received by defendant in negroes, as provided by the will. The bill says that since the division of the land there is nothing left. But did not the complainants know that? If they did not, and acted under a mistake, it ought to have been so stated in the bill. The fact that these lands were divided by the parties, and mutual deeds made, instead of having a division made under the law itself, indicates that they had all abandoned the idea of carrying out the letter of the will. As we have hinted, we suspect this bill to be an after-thought, and to be based on a disposition to take back an arrangement, fully executed and entered into freely, without fraud or mistake. We do not

think this can be done. It is an accord and satisfaction, fully executed, and cannot be taken back without some other reason than mere dissatisfaction.

Judgment affirmed.