PATTERSON *et al. v.* CAMPBELL *et al.*

FISH, C. J.   1. A ground of a motion for a new trial should be complete in itself, or rendered so by an exhibit attached to the motion. Accordingly, it has been repeatedly ruled that a ground based upon the admission or rejection of evidence presents nothing for adjudication when such evidence is not set forth therein, either literally or in substance, nor attached as an exhibit to the motion. *Shaw* v. *Jones,* 133 *Ga.* 446 (9) (66 S. E. 240).

2. The judge did not express an opinion as to what had been proved, in any of the instructions to the jury of which complaint was made.

3. An assignment of error upon the ground that the judge, after fully charging all of the contentions of the plaintiff, failed to charge one of the principal contentions of the defendant "until after his charge in chief to the jury," was without merit.

4. On the trial of an action for land the plaintiff relied in part for a recovery upon 20 years adverse possession; and the defendant contended that the land had been purchased by the plaintiff from the defendant's predecessor in title, under a parol agreement, and that though the plaintiff went into possession, he had never paid the purchase-price. The court instructed the jury as follows: "that the law presumes that after 20 years the purchase-price was paid, if nothing to the contrary be shown to you. If there were any admissions made by the plaintiff in this case, admissions should be scanned with care by the jury. You ascertain if there were any admissions made that the price was not paid, and you decide under the ruling given you whether or not the price was paid." Such charge was not "erroneous for the reason that the same fails to explain to the jury under what conditions the law would presume that the purchase-price had been paid after the expiration of 20 years;" nor because the court therein

intimated and expressed "an opinion as to the weight and consideration to be given by the jury as to admissions;" nor because that portion of the charge to the effect that "You ascertain if there were any admissions made to you that the price was not paid," placed "a greater burden upon the plaintiff [the defendant?] than the law requires;" nor was the charge erroneous "for the further reason that if the testimony disclosed that there was a contract of purchase by the plaintiff from the defendant, the burden would then rest upon the plaintiff to show that he had paid the purchase-price, and no prescription could ripen in his favor until that was done." *Hodges* v. *Stuart Lumber Co.*, 128 *Ga.* 733 (58 S. E. 354), and citations.

5. It appears from the motion for a new trial and the approved brief of the evidence that certain deeds were put in evidence by the plaintiff, upon which he relied as color of title. In neither the motion for a new trial nor in the brief of evidence as approved by the judge does even the substance of such deeds appear. Following the brief of evidence are copies of certain deeds sent up in the record, which are in no way made a part of such brief. These documents can not be considered by this court, as they constitute no part of the brief of evidence.

6. One of the contentions of the plaintiff below was that he had title by prescription under color and seven years adverse possession. It appears from the motion for a new trial made by the defendant below, that the plaintiff put in evidence certain deeds under which he claimed as color. It appears from evidence submitted in behalf of the plaintiff that he was in adverse possession for more than seven years after the execution and delivery to him of such deeds. As neither these deeds nor their substance, except as to the parties thereto and dates thereof, appear either in the motion for a new trial or the brief of evidence approved by the judge, this court will assume that such deeds covered the land in dispute.

7. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

AUGUST 17, 1911.

Ejectment. Before Judge Frank Park. Decatur superior court. March 1, 1910.

*E. S. Longley* and *T. S. Hawes,* for plaintiffs in error.