24808. TALLENT *v.* SCARRATT.

DECIDED JULY 26, 1935.

*B. L. Milling, Carl T. Hudgins, John M. Seal,* for plaintiff.
*Cecil R. Hall,* for defendant.

GUERRY, J.   The plaintiff brought her action against the defendant, alleging that she was the owner of a certain Ford automobile of the value of $486, and that there was a balance of $140 due thereon to the credit company; that defendant, with consent of plaintiff, paid off said indebtedness, and agreed to allow plaintiff to pay same at the rate of $20 or less per month, but failed to comply with the agreement and sold the automobile "without justification and in violation of his agreement," and the same "was a fraud and deception practiced on petitioner."   By amendment the plaintiff alleged that she at all times stood ready to comply with her agreement; that she left the car at defendant's garage for him to hold until the first payment was made, and that on the day following the alleged due date of the first payment the defendant sold the car; that defendant, at the time he made the promise to pay off the indebtedness due on the car and to allow plaintiff additional time in which to repay him therefor, did it for the purpose of deceiving plaintiff and getting possession of the car.   A general demurrer to the petition as amended was sustained.

The petition, construed most strongly against the pleader, fails to set out a cause of action.   Plaintiff owed a balance of $140 on the car.   It is not alleged how this debt was evidenced, although it may be presumed, from the letter set forth in the pleadings, that it was the ordinary retention-of-title contract.   It will be presumed that whatever rights in the car the credit company held were duly transferred to the defendant.   A promise made by the original creditor to extend the time of payment, without any consideration, is a nudum pactum.   Such contract is executory; and unless there is a benefit flowing to the promisee or a detriment suffered by the promisor, there is no consideration.   Where the debt is due, an extension of time, or an arrangement to extend the time of payment, without any additional consideration, is unenforceable.   *Tatum* v.

*Morgan,* 108 *Ga.* 336 (33 S. E. 940).. The purchaser of the creditor's obligation against the debtor stands in the creditor's shoes. A promise of indulgence, therefore, made either by the original creditor or his transferee, is a nudum pactum; and a failure to perform may not be made the basis of an action for fraud and deceit, unless it be shown that the promisee has, by reason of the promise, been placed in a worse position than she then occupied. If the promisee, because of the alleged false and fraudulent promise of indulgence, had been prevented from protecting his rights, another question would have been presented. No complaint is made as to the legality of the sale of the car by the defendant. Although a creditor may have made an agreement, without consideration, to extend the time of payment, a failure to comply therewith does not give rise to a cause of action for breach of contract; neither does it, under the allegations of this petition, make out a cause of action for fraud and deceit. The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*