## BELL v. CONE, executrix.

No. 17566. ARGUED SEPTEMBER 12, 1951—DECIDED OCTOBER 10, 1951—REHEARING DENIED NOVEMBER 16, 1951.

*J. V. Poole,* for plaintiff.

*Mitchell & Mitchell,* for defendant.

ALMAND, Justice. As we view the case, there are but two questions necessary for decision: first, did the court err in admitting in evidence a copy of the award and decree dividing the estate of James D. Shanks? and second, did the court err in directing a verdict for the defendant as to the 85-acre tract of land on her cross-bill?

■ The plaintiff objected to the introduction of the award and decree on the ground that the award of land lot 250 in the 17th district of Fulton County to John Isom, assignee, was upon a condition precedent, viz., the payment of $500.50, representing a debt of T. W. Bell and his wife to the estate of James D. Shanks, and there being no evidence that this debt was ever paid, no title passed out of the estate of James D. Shanks or his legal heirs, and no title or interest vested in Isom or his assignees by virtue of this award.

A mere lapse of time after a debt becomes due may raise a presumption of payment. After a lapse of 20 years, a judgment is presumed to have been paid. *Burt* v. *Casey,* 10 *Ga.* 178. After a lapse of 30 years, it is legitimate to presume that all debts of an estate have been paid. *Coleman* v. *Lane,* 26 *Ga.* 515 (1). The law presumes that after 20 years the purchase price of property has been paid. *Patterson* v. *Campbell,* 136 *Ga.* 664 (4) (71 S. E. 1117). It was held in *McWilliams* v. *McWilliams,* 206 *Ga.* 493 (57 S. E. 2d, 599), that, where a father had executed a bond for title to his son covering a tract of land, and the son had given to his father a series of notes representing the purchase price of the land, after 31 years, the son being in possession of the land, it will be presumed that the notes had been paid and that the son had a perfect equity in the land.

The undisputed evidence in this case shows that neither the representative of the estate of James D. Shanks nor any of his heirs have ever been in possession of the 85-acre tract, in whole or in part, nor have they ever asserted any claim or right of re-entry because of any breach of the condition of the conveyance to John Isom. Also, under the undisputed evidence, it

appears that from 1871 to 1947, the time the plaintiff acquired a deed from some of the heirs of James D. Shanks, recorded muniments of title passed through many hands, and the part of the tract that the defendant claimed title to has been for more than 30 years used for cemetery purposes. The award of land lot 250 containing a condition as to payment of a sum of money before title would pass, was made in 1870; and, in the absence of any rebuttal evidence that the debt has never been paid, certainly after a lapse of 80 years it will be presumed that the debt was paid and the condition satisfied. Where a division in kind is made between heirs and distributees of a decedent, a certified copy of the return of the commissioners, and of the order of the court approving the same, are admissible in evidence in an action involving title to the land covered by the award. *Alaculsey Lumber Co.* v. *Flemister*, 146 *Ga.* 310 (2) (91 S. E. 104). It was not error to admit in evidence the award of the commissioners.

■ Whether the division of the estate of James D. Shanks was entered into under the provisions of the Code of 1863 as to distribution of estates in kind (Code of 1863, §§ 2542—2545; Code of 1933, §§ 113-1018—113-1021), or was made under the provisions of that Code as to partition of estates by agreement of the parties (Code of 1863, §§ 3115—3117; Code of 1933, §§ 85-1501—85-1503), the division award of the commissioners, which was approved and made the decree of the court, was sufficient to transfer title, out of the estate and the heirs, to the persons to whom particular portions of the estate were awarded. *Harris* v. *Seals*, 29 *Ga.* 585; *Byrd* v. *Byrd*, 44 *Ga.* 258; Code, § 85-1503, supra. When land lot 250 of the 17th district of Fulton County was awarded to John Isom, assignee of T. W. Bell and his wife Anna, the effect of the decree approving the award, without a deed or other conveyance, was to pass to John Isom at least a perfect equity in the property; and the other heirs of James D. Shanks had no further interest in this particular lot,; just as T. W. Bell and his wife would have had no further interest in the various portions of the Shanks estate · which were awarded to the other heirs. *Williams* v. *J. P. Williams Co.*, 122 *Ga.* 178 (5) (50 S. E. 52, 106 Am. St. R. 100); *Zeagler* v. *Zeagler*, 192 *Ga.* 453 (15 S. E. 2d, 478).

The grantors in the plaintiff's deed are the lineal descendants of Emily Shanks Kornegay. The effect of the award of 1870 to Isom was to sever any title or interest that she had in land lot 250, and consequently the grantors in the plaintiff's deed received no interest by inheritance to the land lot in question. So, having no interest in this lot, they had no right or title that they could convey to the plaintiff. Under no view of the evidence was the plaintiff entitled to a verdict to establish title to him to any part of land lot 250.

The evidence was sufficient to demand a finding that Charles H. Cone and his executrix had had adverse possession under color of title to the 85-acre tract described in paragraph 5 of the petition for more than 7 years. Code, § 85-407. The court committed no error in directing a verdict for the defendant as to this tract, and in entering a decree declaring that the defendant has title to this tract and was entitled to the possession thereof.

*Judgment affirmed. All the Justices concur.*