40116. GRANT, by Guardian v. OAKEY.

Decided December 3, 1963—Rehearing denied December 13, 1963.

*Frank D. Schaffer,* for plaintiff in error.

*T. Blake Jackson,* contra.

BELL, Presiding Judge. ■ The controlling factor in this case is not whether the nonexempt transferee of the long-term note secured by real estate, after default in payment but before the exempt State bank exercised the power of sale, was obligated to pay the recording tax imposed by the Intangible Tax Act of 1953, nor is it whether the exercise of the power of sale contained in the security deed, by a transferee from an exempt holder, was barred by nonpayment of the tax under *Code Ann.* § 92-171. This is true for the reason that, "A transferee of the grantee named in the security deed occupies the position of such grantee as against the grantor and those claiming under him." *Gilliard v. Johnston & Miller,* 161 Ga. 17 (2) (129 SE 434); *West Lumber Co. v. Schnuck,* 204 Ga. 827, 835 (51 SE2d 644).

It is undisputed that Grant was a grantor in the deed to the exempt bank and that Andrews was the transferee of the bank's rights and interests in the deed. The bank's right to transfer to Andrews is not questioned. It is acknowledged that the deed contained a power of sale. Accordingly, when the bank transferred to Andrews, the latter occupied the position of the bank as against Grant, and she cannot complain that Andrews did what the bank, admittedly, could have done, i.e., after default occurred to sell the property.

Clearly, the bank, being exempt from the payment of the tax, was not subject to the bar against the collection of the debt as provided in *Code Ann.* § 92-171. *Washington Loan &c. Co. v. Golucke,* 212 Ga. 98 (90 SE2d 575). Since the bank was exempt from the payment of the tax, Grant, as the bank's grantor, could not have protested the sale of the property by the bank

to Oakey in reliance on the bar of the Code section. Obviously, as Grant had no standing to protest a transfer by the bank, she can have no standing to protest a transfer by the bank's transferee who as to her *occupied the position of the bank. Gilliard v. Johnston,* 161 Ga. 17, supra.

It should be borne in mind that *Code Ann.* § 92-171 and similar provisions are designed primarily to assure the collection of the tax when due and not for the protection of a debtor. Since no governmental taxing agency is a party to this case, we wish to make it clear that we expressly refrain from ruling on the validity of any purported administrative interpretation of the Intangible Tax Act and on any question as to whether Andrews or anyone else identified in this case owes these taxes to the county or State. These questions are not presented by this appeal.

■ Although we have some doubt as to the precise theory the plaintiff in error's second ground espouses, it is not necessary for us to pierce the veil of illusion, for under no theory suggested could it have merit.

There is no issue raised contesting the fact that Grant, the life tenant, and Wimberly, the remainderman, as grantors, each conveyed his respective interest in the realty to the bank as grantee. Nor is it implied that this deed to secure debt is an exception to the rule stated for the Supreme Court by the late Mr. Justice Warren Grice to the effect that an assignee of an instrument conveying realty which contains a power of sale coupled with an interest, after default occurs and sale ensues, as agent may validly pass the grantee's title to the purchaser. *Gurr v. Gurr,* 198 Ga. 493, 504 (4) (32 SE2d 507). It was through an instrument such as this that John F. Oakey acquired his title from Andrews, the assignee. Insofar as the record reveals, it is a good title. Obviously, Oakey is entitled to the proceeds derived from the condemnation of the property.

Of the arguments advanced by the plaintiff in error—"merger," "extinguishment of the debt," "accord and satisfaction,"—none are involved here.

*Judgment affirmed. Hall and Pannell, JJ., concur.*