## 53447. CARTER v. JENKINS et al.

SMITH, Judge.

Carter sued Jenkins and Stephens in the trial court as co-makers on a promissory note. Jenkins and Stephens counterclaimed alleging malicious use of process. The jury returned a verdict in favor of Carter for $875 "to be shared equally between Jenkins and Stephens." Carter's appeal, transferred here by the Supreme Court, enumerates as error the form of the verdict and the overruling of his motions for judgment notwithstanding the verdict and for new trial. We reverse and grant a new trial.

Jenkins and Stephens were co-makers on an unpaid note assigned to Carter, with the following amounts alleged to be due: $1,750 principal, $787.50 interest and $380.62 attorney fees. The co-makers counterclaimed for damages for malicious use of process, charging Carter had threatened to foreclose on an allegedly forged security deed. Stephens sought an additional $270 "actual damages," the difference between the amount of the note and the amount of the underlying construction contract.

1. Carter's motion for j.n.o.v. against Stephens for principal, interest and attorney fees was correctly overruled. Assuming arguendo that the notice he set out

in the pleadings was proper notice under Code § 20-506, Carter made no attempt to introduce it into evidence until after both sides had rested and Carter had moved for directed verdict. It was within the trial court's discretion to refuse to allow a reopening of the case. *Maloy v. Dixon,* 127 Ga. App. 151, 162 (193 SE2d 19). There being no proof of notice, Carter had no valid claim for attorney fees; hence, his motion for j.n.o.v. for the "entire amount sued for" was meritless.

2. Since the court rendered judgment for $875 against both defendants, the jury's returning a verdict splitting liability equally between the defendants was harmless error.

3. Stephens in her "counterclaim" admits entering a contract calling for a $2,780 payment, but she contends that Carter fraudulently induced her to sign the $3,050 note in issue. She alleges that the $270 difference is damage recoverable by her. Carter alleges as error the charge authorizing an award of damages to Stephens. We agree. Stephens' counterclaim was, in essence, an affirmative defense, not a separate cause of action. Any instruction dealing with recovery of damages on the "counterclaim" was error.

4. Carter's objection to testimony by Stephens that his employees wasted construction material was erroneously overruled. The construction contract was for an amount certain, and this testimony was immaterial.

5. The court erred in instructing the jury on malicious use of process. Malicious use of process is "malicious suing out of process without probable cause." *Metro Chrysler-Plymouth, Inc. v. Pearce,* 121 Ga. App. 835, 837 (175 SE2d 910). To constitute a cause of action for malicious use of process, there must have been a prior action on the matter which terminated with a judgment in favor of the party now complaining. *Green v. Mercury Mills,* 136 Ga. App. 504, 505 (221 SE2d 646). Jenkins and Stephens complained that Carter's "threatened foreclosure" on an allegedly forged security deed was a malicious use of process, but Carter never instituted a foreclosure proceeding. Therefore, the charge on malicious use of process was unauthorized. Moreover, any charge on attorney fees recoverable in a malicious use of

process action was also error.

The errors noted cannot be deemed harmless. The undisputed facts showed that the note was for $3,050. It was also undisputed that $1,300 was paid on the note, leaving due $1,750 principal. By returning a verdict in favor of Carter the jury necessarily determined that the $3,050 note was valid; therefore, $1,750 principal remained due. However, the jury awarded Carter only $875. This award of one half the undisputed principal due can be understood only after it is realized that the jury, in effect, awarded $875 to Jenkins and Stephens. Such an award was obviously detrimental to Carter and could only have been based upon jury consideration of the erroneous instructions on the counterclaims, noted in this Division and in Division 3, and the improperly admitted testimony noted in Division 4.

6. All other enumerations of error are without merit or will not occur when the case is retried.

*Judgment reversed. Quillian, P. J., Webb, Marshall and Shulman, JJ., concur. Bell, C. J., Deen, P. J., McMurray and Banke, JJ., dissent.*

SUBMITTED JANUARY 31, 1977 — DECIDED JULY 7, 1977 — REHEARING DENIED JULY 22, 1977.

*Lawson E. Thompson,* for appellant.
*Edward D. Tolley,* for appellees.

MCMURRAY, Judge, dissenting.

This case involves a suit on a note brought against the two co-makers, Stephens and Jenkins. Defendant Jenkins denied the averments of the complaint and further answered alleging that the signature purporting to be hers was a forgery and adding the defense of failure of consideration. Defendant Stephens denied the averments of the complaint and further answered by adding the defense of fraud and sought rescission of the contract. Defendant Jenkins also filed a counterclaim in two counts seeking cancellation of the security deed and special damages, in the form of attorney fees, and punitive damages. Defendant Stephens also filed a counterclaim in

three counts, arising out of the alleged fraud in the transaction, seeking cancellation of the security deed and actual and special damages, including attorney fees, and punitive damages.

In the court's charge, the jury was instructed that if they found in favor of the plaintiff then they would not consider the matters insofar as the counterclaims of the defendant are concerned.

The jury returned a verdict in favor of the plaintiff, yet the plaintiff appeals. The majority here reverses as to the court's instructions as found in Divisions 3 and 5 of the majority opinion with reference to the counterclaims. The counterclaims necessarily involve equity jurisdiction, and if same were under review here, we would have to transfer the case to the Supreme Court.

However, I do not agree with the holdings in Divisions 3 and 5 which deal with instructions on the counterclaims of the defendants as requiring a reversal. No verdict was returned as to same, hence any instruction dealing with recovery of damages on the counterclaims was harmless. Thus, the equitable rescission of the contract and cancellation of the security deed as sought in the counterclaim are no longer before the court.

It is noted that the jury verdict sought to split the liability equally between the defendants. However, the court refused to follow this part of the verdict inasmuch as the judgment was against both defendants for the full amount. Division 2 acknowledges that this was harmless error. The judgment did not follow the verdict and attempt to split liability.

On appeal harmful error must be shown in order to obtain a reversal. *Campbell v. Powell,* 206 Ga. 768, 770 (3) (58 SE2d 829); *Childers v. Ackerman Const. Co.,* 211 Ga. 350, 356 (86 SE2d 227); *Corbin v. State,* 212 Ga. 231 (9) (91 SE2d 764); *Kitchens v. State,* 134 Ga. App. 81, 83 (2) (213 SE2d 180). Since no verdict was returned nor judgment entered in favor of the defendants I cannot see how the plaintiff was injured, a verdict (although in a lesser amount than claimed) being returned in his favor on the main action, even if it be said that the court's charges on the counterclaims were erroneous.

I agree fully with the other portions of the majority

opinion, but I would affirm rather than reverse inasmuch as any error committed was harmless. I therefore respectfully dissent.

I am authorized to state that Chief Judge Bell, Presiding Judge Deen and Judge Banke join in this dissent.