### 59537. UNION COMMERCE LEASING CORPORATION v. BEEF 'N BURGUNDY, INC. et al.

SMITH, Judge.

Appellant, Union Commerce Leasing Corporation, brought this action seeking to recover rental due under a lease of a cash register and two "bar guns." Appellee Beef 'N Burgundy asserted a defense of breach of warranty. Appellant contends it made no warranty. Motions for summary judgment were filed by both sides. The motions were denied. At trial, the trial court directed a verdict in favor of appellees Goodrich and Gilchrist, the sureties to the lease agreement. The trial court also directed a verdict in favor of the remaining appellees on appellant's claim for rental due on the cash register. However, the court directed a verdict for appellant in the

amount of $3,345.65 on its claim for rental due on the two bar guns. The court disallowed recovery of attorney fees. We affirm in part and reverse in part with direction.

1. The trial court denied appellant the rental value of the cash register under the lease agreement because "the plaintiff did not fulfill the terms of his warranty." Appellant argues no such warranty exists. We agree.

Under the lease, an electronic cash register and two bar guns were to be delivered by a "Supplier," Automated Data Systems, Inc. Paragraph 1 of the lease contains the following language: "Description of Leased Equipment (Hereinafter called 'equipment') —- DTS Model 400; S/N 10437 Electronic Cash Register interfaced/ 2/6 brand guns complete with liquor room, training, 1 year warranty on parts and labor." The description is typewritten. The remainder of the contract is a printed form, supplied by appellant. Paragraph 7 states: "SELECTION OF EQUIPMENT: ACCEPTANCE: WARRANTIES: REPRESENTATIONS. Lessee has selected both the equipment and the Supplier from whom Lessor covenants to purchase the equipment at Lessee's request. Lessee agrees to accept the equipment if delivered in good repair, and to execute the delivery receipt supplied by Lessor, as evidence thereof. Lessee agrees to hold Lessor harmless from specific performance of this lease and from damages, if for any reason the Supplier fails to deliver the equipment so ordered. Lessee agrees that any delay in delivery of the equipment shall not affect the validity of this lease. LESSEE AGREES THAT THE EQUIPMENT LEASED HEREUNDER IS LEASED 'AS IS' AND IS OF A SIZE, DESIGN AND CAPACITY SELECTED BY LESSEE AND THAT LESSEE IS SATISFIED THAT THE SAME IS SUITABLE FOR LESSEE'S PURPOSES, AND THAT LESSOR HAS MADE NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE SUITABILITY OR DURABILITY OF SAID EQUIPMENT FOR THE PURPOSES AND USES OF LESSEE, OR ANY OTHER REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WITH RESPECT THERETO, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. Lessor hereby assigns to Lessee for and during the terms of this lease any applicable factory warranty covering the leased equipment. Lessee's obligations to pay the rentals or otherwise under this lease shall be and are absolute and unconditional. All proceeds of any warranty recovery by Lessee from the manufacturer of supplies of the equipment shall first be used to repair or replace the affected equipment. Lessee agrees to settle all such claims with the Supplier of the leased equipment and agrees further not to set up against

Lessee's obligations any such claims as a defense, counterclaim, set-off, or otherwise.

"LESSEE ACKNOWLEDGES AND AGREES THAT NEITHER THE SUPPLIER NOR ANY SALESMAN, EMPLOYEE, REPRESENTATIVE OR AGENT OF THE SUPPLIER IS AN AGENT OR REPRESENTATIVE OF LESSOR, AND THAT NONE OF THE ABOVE ARE AUTHORIZED TO WAIVE OR ALTER ANY TERM, PROVISION OR CONDITION OF THIS LEASE, OR MAKE ANY REPRESENTATION OR WARRANTY WITH RESPECT TO THIS LEASE OR THE EQUIPMENT LEASED HEREUNDER. Lessee further acknowledges and agrees that Lessee, in executing this lease, has relied solely upon the terms, provisions, and conditions contained herein, and any other statements, warranties or representations, if any, by the supplier, or any salesman, employee, representative or agent of the supplier, have not been relied upon, and shall not in any way affect Lessee's obligation to pay the rent and otherwise perform as set forth in this lease." The trial court ruled that the warranty contained in the description of the items to be supplied constituted part of appellant's contractual obligation which controlled over the disclaimer provisions of Paragraph 7. Appellant argues that the "Description of Leased Equipment" refers solely to that which Beef 'N Burgundy was to receive from the "Supplier."

"The cardinal rule of construction of contracts is to determine the intention of the parties thereto, and that construction will be favored which gives meaning and effect to all of the terms of the contract over that which nullifies and renders meaningless a part of the language therein contained. *Atlanta, Knoxville &c. R. Co. v. McKinney,* 124 Ga. 929 (53 SE 701, 6 L.R.A. (NS) 436, 110 Am. St. R. 215); *Dooley v. Savannah Bank & Trust Co.,* 199 Ga. 353 (34 SE2d 522); *Simpson v. Brown,* 162 Ga. 529 (134 SE 161, 47 A.L.R. 865)." *Burch v. Ragan,* 92 Ga. App. 605, 607 (89 SE2d 541) (1955). " ... [I]n construing contracts the entire writing is to be taken into consideration to ascertain the intent of the parties and, if the same can be ascertained, that intention should govern. *Bridges v. Home Guano Co.,* 33 Ga. App. 305, 309 (125 SE 872)." *Cummings v. Cummings,* 89 Ga. App. 529, 532 (80 SE2d 204) (1954). " ... [I]f possible, all of its provisions should be so interpreted as to harmonize with each other ..." *McCann v. Glynn Lumber Co.,* 199 Ga. 669, 674 (34 SE2d 839) (1945).

In the instant case, there are two possible constructions. Either the warranty is part of appellant's obligation and conflicts with the warranty disclaimers or it is merely a statement of what was to be provided by the supplier or manufacturer.

Appellant argues that the latter construction should be adopted

since such a construction is reasonable and will "give effect to each material and valid clause [of the contract]." *Marbut v. Empire Life Ins. Co.,* 143 Ga. 654, 657 (85 SE 834) (1915). We agree.

When viewed in conjunction with Paragraph 7, the "Description of Leased Equipment" clearly relates to that which was to be provided by the "Supplier." The agreement states: "Lessee agrees to hold Lessor harmless if, for any reason, the supplier fails to deliver the equipment so ordered." The term "equipment" expressly refers to what is included under the "Description of Leased Equipment." Moreover, the agreement contemplates that a warranty may be provided by parties other than the lessor. The agreement specifically provides: "Lessor hereby assigns to Lessee for and during the terms of this lease any applicable factory warranty covering the leased equipment. Lessee's obligations to pay the rentals or otherwise under this lease shall be and are absolute and conditional. All proceeds of any warranty recovery by Lessee from the manufacturer of supplies of the equipment shall first be used to repair or replace the affected equipment. Lessee agrees to settle all such claims with the supplier of the leased equipment and agrees further not to set up against Lessee's obligation any such claims as a defense, counterclaim, set-off, or otherwise."

This language would be rendered superfluous if the warranty contained in the description of the leased equipment were construed as flowing from the lessor. Conversely, by holding that the warranty flows from the "Supplier" or manufacturer, the entire contract is given effect. We conclude that the trial court erred in construing the warranty as part of appellant's obligation under the lease agreement.

2. Appellant asserts that the trial court erred in excluding from evidence Plaintiff's Exhibit Number 4. However this exhibit is not in the record and its exclusion is therefore not subject to review.

3. The trial court ruled that the sureties to the lease agreement were discharged by virtue of an oral modification whereby a manual cash register was substituted for an electronic model. The lease agreement provides: "This instrument constitutes the entire contract between the parties hereto, and no representations, oral or written, shall constitute an amendment hereto unless signed in writing by an officer of the Lessor."

Appellees Goodrich and Gilchrist do not argue that the substitution of the cash registers did not constitute a valid modification of the lease as between the parties thereto. Rather, appellees contend that such a modification operates as a discharge of the sureties because the agreement to substitute cash registers was not in writing as required by the lease agreement. We cannot agree.

The "continuing guaranty" provides: "The undersigned

agree(s) that no modification, extension or indulgence granted to the Lessee, its successors or assigns, shall release the undersigned from this guaranty, and that this guaranty shall continue in full force and effect as to any renewal, extension or modification of any existing or future lease agreements with said Lessee. The undersigned expressly waive(s) notice of default in the payment of rents or in the performance or in the observance of any of the terms, provisions, covenants or conditions contained in said lease agreement(s) and expressly agrees that the validity of this agreement and the obligations of the undersigned hereunder shall in nowise be terminated, affected or impaired by reason of the waiving, delaying, exercising or nonexercising, of any of the rights of the Lessor against the Lessee pursuant to any of the aforementioned lease agreements or against the undersigned by reason of this guaranty or as a result of the substitution, release, repossession, sale or destruction of any collateral or of the items leased or to be leased to the Lessee." By virtue of this provision, the sureties were not discharged on account of the substitution of cash registers without a "writing [signed] by an officer of the Lessor." " 'A surety is not discharged by any act of the creditor or obligee to which he consents. Consent may be given . . . in advance, as at the time the contract of suretyship is entered into. *Colodny v. Dominion Mtg. &c. Trust,* 141 Ga. App. 139, [142 (232 SE2d 601) (1977)]. See *Hemphill v. Simmons,* 120 Ga. App. 823, 826 (172 SE2d 178) (1969); *Overcash v. First Nat. Bank,* 115 Ga. App. 499, 502 (155 SE2d 32) (1967)." *Bonner v. Wachovia Mortgage Co.,* 142 Ga. App. 748, 750 (236 SE2d 877) (1977).

Appellees Goodrich and Gilchrist argue that, even assuming they are not discharged on account of the modification, they are nonetheless discharged under Code § 103-203. It is argued that appellant's breach of warranty substantially increased their risk. See *Seaboard Loan Corp. v. McCall,* 61 Ga. App. 752 (7 SE2d 318) (1940). However, since we have ruled that appellant did not provide a warranty under the lease agreement, we must conclude that the trial court erred in directing a verdict in favor of appellees Goodrich and Gilchrist on the ground of increased risk if, in fact, this was the basis of the trial court's ruling.

4. Appellant contends it is entitled to attorney fees as a matter of law since 1) both the lease agreement and the guaranty contain an attorney fees provision and 2) proper notice of intent to collect attorney fees was included in its complaint. See *New House Products, Inc. v. Commercial Plastics & Supply Corp.,* 141 Ga. App. 199 (233 SE2d 45) (1977); *General Electric Credit Corp. v. Brooks,* 242 Ga. 109 (249 SE2d 596) (1978). However, "[a]ssuming arguendo that the notice . . . set out in the pleadings was proper notice under

Code § 20-506, [appellant] made no attempt to introduce it into evidence . . . There being no proof of notice, [appellant] had no valid claim for attorney fees . . ." *Carter v. Jenkins,* 143 Ga. App. 42-43 (237 SE2d 440) (1977). The trial court did not err in directing a verdict against appellant on the issue of attorney fees.

5. The judgment is affirmed with respect to the recovery already allowed. The judgment is otherwise reversed with direction that a new trial be granted in accordance with this opinion.

*Judgment affirmed in part and reversed in part with direction. McMurray, P. J., and Banke, J., concur.*

ARGUED MARCH 11, 1980 — DECIDED JULY 11, 1980.

*Bernard L. Greer, Jr., B. Lee Crawford, Jr., Richard L. Stumm,* for appellant.
*Wayne L. Cardon,* for appellees.