### 65963. GENINS v. BOYD et al.

BIRDSONG, Judge.
Appellant petitioned the probate court of Henry County for letters of Administration De Bonis Non for the estates of Clem Boyd and Angie B. Hansen. The petition was denied by the probate court, and appellant timely appealed to the superior court for de novo review of his petition (OCGA § 5-3-2 (Code Ann. § 6-201)), which was opposed by appellees herein. Appellees moved for summary judgment in part upon the ground that appellant is disqualified as a matter of law from serving as administrator of the subject estates by virtue of his prior representation of various alleged heirs of the estates. In support of the motion, which recited numerous facts not contained in the slim record on appeal, appellees attached a certified copy of an order from another action disqualifying appellant from representing two heirs of the Boyd and Hansen estates in a suit against the administratrix of those estates. The order, dated July 21, 1980, states that it is based on appellant's previous representation of the plaintiffs in a suit against the Boyd and Hansen estates, which prior representation was in conflict with his representation of the heirs of that estate. The record on appeal contains no evidence offered by appellant in opposition to the motion, and the parties

waived the requirement for a hearing on the motion. Appellant now timely appeals the trial court's award of summary judgment to appellees and the trial court's denial of his motion for reconsideration.

1. The only evidence properly before the trial court in support of or in opposition to the motion for summary judgment was the certified copy of the order dated July 21, 1980, disqualifying appellant from representing the purported heirs of the Boyd and Hansen estates because of his prior representation of clients in actions against the estate. This evidence was sufficient to pierce appellant's allegation that he was qualified to serve as Administrator De Bonis Non for the estates. An administrator stands in a fiduciary capacity and must not be hampered by conflicts of interest absent consent of all interested parties. "An administrator . . . 'is an administrative representative of the deceased . . . [and] has the sacred duty of standing in the place of the deceased and administering his estate'. . . . [To support an action for fraud against the administrator,] the beneficiary need only show that the fiduciary allowed herself to be placed in a position where her personal interests might conflict with the interests of the beneficiary." *Ringer v. Lockhart*, 240 Ga. 82, 84 (239 SE2d 349). The facts contained in the certified copy of the previous order set forth a serious conflict of interest that would clearly preclude appellant, an attorney, from acting in a fiduciary capacity on behalf of the Boyd and Hansen estates. Although dealing with disqualification of an attorney due to a conflict of interest, we hold that the rule enunciated in *Tilley v. King,* 190 Ga. 421 (2) (9 SE2d 670), is equally applicable to this case and mandates judgment for appellees. Since the prior court order was the only evidence properly before the trial court at the time it ruled on the motion, no genuine issue of material fact remained as to appellant's qualifications to serve as administrator of the Boyd and Hansen estates and summary judgment was properly awarded to appellees. OCGA § 9-11-56 (Code Ann. § 81A-156).

2. Appellant argues that the trial court erred in giving the prior court order "judicial notice" and binding effect. However, it is clear that the trial court merely considered that order as evidence, which is permitted under OCGA § 24-5-31 (Code Ann. § 38-206). Appellant made no hearsay or other objection to any matter contained in the order.

3. Appellant also argues that the trial court erred in denying his "Motions to Reconsider, Vacate, for New Trial and to Set Aside Summary Judgment. . . ." These motions attach certified copies of two judgments and a special interrogatory jury verdict pertaining to a State Bar disciplinary action against appellant apparently arising

from his multi-faceted involvement with the Hansen and Boyd estates. Although it considered this evidence, the trial court correctly denied appellant's motions. The evidence offered by appellant, while ostensibly exonerating him of ethical misconduct, further confirmed his multiple representations of persons involved with the Boyd and Hansen estates. The trial court did not err in denying appellant's post-judgment motions.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 11, 1983 —
REHEARING DENIED JUNE 8, 1983 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*R. John Genins,* pro se.
*Carl H. Hodges, Ray M. Tucker,* for appellees.