74178. PICKELSIMER v. TRADITIONAL BUILDERS, INC. et al.
(359 SE2d 719)

BENHAM, Judge.

Having been given a large old frame house, appellant got permission from appellees Wendell E. Johnson, Tommy A. Lee, and Richard Wiggins to place it on a lot they owned, then had the house dismantled and moved from Sandersville to Augusta. He also contracted to purchase the lot from those three appellees for $25,000, paying $2,500 earnest money therefor. Appellant planned to have the house restored and contracted with appellee Remodeling Specialists, Inc., to perform the restoration at an estimated cost of $180,000. The contract committed appellant to make monthly payments to appellees for the construction costs. Appellant also sought appellees' assistance in obtaining a construction loan, and, to that end, the individual appellees conveyed title to the lot to Traditional Builders, Inc. Traditional Builders signed a new contract with appellant in March of 1981, incorporating by reference the previous contracts and binding appellant to pay $25,000 for the lot and the cost of reconstruction plus 15 percent. Appellant was to pay Traditional Builders on a monthly basis while the work was being done. By the end of May 1981, appellant had paid a total of $49,000 in costs, but had not secured a loan to finance his project. The builders ceased construction on the house at that time but resumed work late in 1981, although appellant still had not secured financing and was no longer paying according to the contract. Appellees completed the work and put the house on the market for sale. Appellee Johnson eventually purchased the house in August 1983. In January 1985, appellant filed suit against the corporate and individual appellees, alleging fraud, unjust enrichment, and breach of contract. At the close of plaintiff's evidence, the trial court entertained and granted appellees' motion for a directed verdict. Appellant

brings this appeal, and we affirm.

1. Appellant contends that the trial court erred in granting a directed verdict in appellees' favor on the ground that appellant had failed to establish a claim for money had and received and/or unjust enrichment. We disagree.

An action for money had and received will only lie "where there is no actual assumpsit, *no real contract*, but where some duty is deemed sufficient to justify the court in imputing a promise to perform it . . . [Cit.] . . . An action for money had and received is founded upon the equitable principle that no one ought unjustly to enrich himself at the expense of another. . . ." *Jasper School Dist. v. Gormley*, 184 Ga. 756, 758 (193 SE 248) (1937). (Emphasis supplied.) "The theory of unjust enrichment applies when as a matter of fact there is *no legal contract* . . . but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for. [Cits.]" *Regional Pacesetters v. Halpern Enterprises*, 165 Ga. App. 777 (2) (300 SE2d 180) (1983). (Emphasis supplied.)

Our review of the record reveals that appellant initially brought the action based on the written contract and attached a copy of one of the contracts to his complaint, and that it was well established during the course of the trial that appellant relied on the valid express written contracts he had entered into with appellees. Under these circumstances, the trial court did not err in its ruling.

2. Appellant also asserts that the verdict should not have been directed against him for failure to establish a cause of action for conversion. Appellant argues in his brief that appellees converted appellant's realty when they completed the house restoration and sold it without any "input" from him. We find that the record does not substantiate appellant's contentions. Appellant consented to having the title to the house put in appellee Traditional Builders, Inc.'s name so that it could secure a construction loan to complete the restoration. Appellant then failed to fulfill his obligations under the contract, although appellees gave him ample opportunity to do so. His inability to secure sufficient funding to complete his project left appellees no recourse but to complete the restoration and otherwise try to minimize their losses stemming from appellant's breach of contract. There was no evidence of conversion and, in fact, we find no specific reference to an action for conversion in the record. The trial court ruled correctly in this regard.

3. We also find the trial court acted correctly in directing a verdict against appellant on the issue of fraud and conspiracy. To substantiate a claim of fraud, a plaintiff must prove "(1) [t]hat the defendant made the representations; (2) that at the time he knew they

were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. [Cit.]" *Eckerd's Columbia v. Moore*, 155 Ga. App. 4 (1) (270 SE2d 249) (1980). Appellant was never able to state the specific representations that he claims were the basis of the alleged fraud. The closest he could come to producing misrepresentations by appellees was appellee Lee's statement that he would replace the bricks he was borrowing from appellant, and that in early May 1981, Lee told appellant's wife (who was not a party to appellant's action) that he needed money to make the payroll. Even assuming that these statements were ones upon which appellant could base his fraud claim, he failed to produce evidence to meet any of the other four elements of the cause of action. In fact, appellant admitted that even if appellees had performed the contract to his complete satisfaction, he still would not have performed under the contract. There was no basis for finding that appellees perpetrated a fraud on appellant. Id. Nor was there any evidence of a conspiracy by appellees against appellant, as appellant contends, citing *Grainger v. Jackson*, 122 Ga. App. 123 (176 SE2d 279) (1970). In Division 2 of *Grainger*, the court used the fact that there was sufficient evidence of fraud by at least one of the defendants to reach the issue whether there was sufficient evidence of a conspiracy to bind the others. Since there was no evidence of fraud committed by any of the appellees here, there is no basis for addressing the conspiracy issue.

4. Appellant's final enumeration is that the trial court erred in refusing to allow him to take the stand again, after he had rested his case, and testify about the alleged fraudulent statements made to him. It is within the discretion of the trial court to allow a case to be reopened to hear additional evidence, and this court will not reverse unless there has been an abuse of that discretion. *Newman v. Booker & Co.*, 133 Ga. App. 209 (210 SE2d 329) (1974). Our review of the record reveals that the trial court was extremely indulgent in allowing appellant to present his case, and that he had been given every opportunity to present his evidence before that point in the argument on the motion for directed verdict. This enumeration is without merit.

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs in Divisions 2, 3, and 4, and in the judgment.*

DECIDED JULY 1, 1987 —
REHEARING DENIED JULY 15, 1987 —

*William R. McCracken*, for appellant.

*Patrick J. Rice, William J. Williams*, for appellees.