## 76549. JONES v. MEDICAL ARTS CLINICS OF AMERICA, INC.
(371 SE2d 214)

CARLEY, Judge.

Appellant-defendant entered into an agreement to purchase appellee-plaintiff's business. In connection with the sale, appellant executed a $45,000 promissory note in favor of appellee. When appellant stopped making payments on the note, appellee brought suit. Appellant answered, asserting several affirmative defenses. After a period of discovery, appellee filed a motion for summary judgment which the trial court granted. Appellant appeals from the trial court's order granting summary judgment in favor of appellee.

Since it is undisputed that appellant executed the promissory note, the only issue for resolution is whether the trial court correctly

held that appellee had successfully pierced the affirmative defenses asserted by appellant in his answer. See OCGA § 11-3-307 (2). "While the burden at trial is upon appellant to establish the existence of an [affirmative defense], the burden was on appellee, as the party who made the motion for summary judgment, to establish that no material issues of fact remained for trial." *Jones v. Fed. Deposit Ins. Corp.*, 151 Ga. App. 619, 620 (1) (260 SE2d 751) (1979).

1. Discovery established that appellant's affirmative defense of accord and satisfaction was based on several conversations which had allegedly occurred between himself and the president of appellee. According to appellant, the president of appellee had agreed that the amount which appellant had previously paid on the note would be accepted by appellee as full and complete payment. The law provides, however, that "[i]n the absence of a bona fide dispute, mere surrender by the debtor of money already paid or property already admittedly belonging to the creditor, where no advantage or benefit accrues to the creditor beyond that which exists under the original contract, will not constitute an accord and satisfaction." *Mortgage Purchase &c. Co. v. Williamson*, 55 Ga. App. 92 (189 SE 293) (1936). See also *Taylor v. Central of Ga. R. Co.*, 99 Ga. App. 224, 227 (2) (108 SE2d 103) (1959). Accordingly, assuming without deciding that appellee's president had authority to "forgive" the unpaid balance of the note, no genuine issue of material fact remains as to appellant's affirmative defense of accord and satisfaction.

2. For the reasons discussed, appellee pierced appellant's affirmative defense of accord and satisfaction. A review of the record shows that there is no remaining factual issue as to any of appellant's other affirmative defenses. It follows that the trial court's grant of summary judgment in favor of appellee was correct.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 15, 1988 —
REHEARING DENIED JULY 5, 1988.

*Richard W. Stephens, T. Matthew Mashburn,* for appellant.
*W. Christopher Bracken III,* for appellee.