A92A1817. CHOI v. WAN.
(427 SE2d 64)

CARLEY, Presiding Judge.

Appellant-plaintiff brought suit, seeking to recover for services performed in the resetting of pieces of appellee-defendant's jewelry. Appellee counterclaimed, alleging that appellant had converted the gems presented for resetting and had substituted gems of inferior quality. The case was tried before a jury and a verdict in appellee's favor was returned as to both the main claim and the counterclaim. Appellant appeals from the judgments entered by the trial court on the jury's verdicts.

1. Appellant's complaint contained an allegation that appellee had "made promises and statements to [appellant] as to the quality

of [appellee's] jewelry and promises to pay [appellant] for work performed by [appellant]" and that "at the time the statements were made by [appellee, appellee] knew the statements were false." The trial court granted a directed verdict in favor of appellee as to these allegations of "fraud" and appellant enumerates this ruling as error.

Appellant was not buying appellee's gems, merely resetting them. Accordingly, any misrepresentation as to the quality of appellee's jewelry would not be an actionable fraud. Likewise, appellee's broken promise to pay for appellant's services would support only a claim for breach of contract and not for actionable fraud. See *Tallent v. Scarratt*, 51 Ga. App. 577, 578 (181 SE 141) (1935). Appellant urges that she was being defrauded because appellee was falsely claiming that the gems which had been returned were not those which had been delivered for resetting. If appellee were falsely claiming that her gems had been converted by appellant, that would certainly provide appellant with a *defense* to appellee's counterclaim for conversion, but would not afford appellant a basis for recovery in fraud against appellee. Since the evidence clearly failed to authorize a finding that appellant had an independent claim for any actionable fraud, the trial court correctly granted the motion for a directed verdict.

2. Appellant enumerates as error the exclusion of several photographs. However, the excluded photographs were not included in the record on appeal. Accordingly, this enumeration presents nothing for review. *Cofer v. Turman*, 151 Ga. App. 72 (258 SE2d 922) (1979).

3. Appellant enumerates as error the admission of a photograph of another piece of appellee's jewelry which was not related to the case. The record demonstrates, however, that the trial court refused to admit the photograph and that the only photographs which were admitted were those which depicted the pieces of appellee's jewelry which were related to the case. Thus, this enumeration clearly has no merit.

4. Appellant enumerates as error the admission of testimony of appellee's expert witness. However, the objection to the admission of the testimony that is urged on appeal was not raised below. The objection that was raised below is not urged on appeal. Accordingly, this enumeration has no merit.

5. In her motion for new trial, appellant urged that the verdict was excessive. The trial court's failure to grant a new trial on this ground is enumerated as error. However, " '[w]here[, as here,] the judgment of the trial court awards damages within the range of the conflicting testimony, this court will not reverse the judgment of the trial court on the ground the judgment was excessive. [Cit.]' [Cits.]" *Carlson v. Carlson*, 154 Ga. App. 839 (270 SE2d 65) (1980).

6. Appellant's remaining enumerations of error have been considered and found to be without merit.

*Judgments affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 12, 1993.

*Clifford H. Hardwick*, for appellant.
*Hiles, Rowen & Klonoski, Sharon L. Rowen*, for appellee.