A00A0591. IN RE ESTATE OF FARQUHARSON.
(535 SE2d 774)

MILLER, Judge.

In her will, Nell Gardiner Glenn Farquharson named her son-in-law William B. Hardegree and First Union National Bank of Columbus as co-executors of her estate. A codicil made James A. Farquharson, the testatrix's husband, an income beneficiary of a certain trust, which the parties refer to as the A. G. Edwards account. After the testatrix's death, the bank declined to serve as co-executor, and Hardegree offered the will with codicil for probate in solemn form. Farquharson filed a caveat "objecting to the appointment of William B. Hardegree as executor" on the ground that Hardegree was unfit because he was prejudiced against Farquharson. Farquharson supplemented the caveat to allege numerous conflicts of interest, in that Hardegree approved payments to his own law firm and commissions to his wife, improperly transferred assets, and improperly persuaded the bank to refuse to serve as co-executor. Farquharson prayed for an order refusing to appoint Hardegree as the executor or, alternatively,

making Hardegree a co-administrator with an independent third party.

At a hearing on the probate petition, Hardegree, as propounder, orally moved to dismiss the caveat, in part because Farquharson did not object to probating the will and in part because the grounds alleged did not state a basis for refusing to appoint the choice of the testatrix. In response, Farquharson was prepared to show at that hearing that Hardegree had such conflicts of interest as would disqualify him from serving as executor.

The probate court thought these were matters more properly considered at a later scheduled hearing on the dismissal of the guardians of the decedent, whereas the instant hearing concerned whether there was a proper will. The probate court further reasoned that the executor first had to be appointed before determining whether the executor was fit or unfit and that if he proved unfit, he could be removed. The court expressly promised to hear the caveator's evidence, "next week at the dismissal. . . ." Although financial advisors were recommending the prompt sale of certain securities held in the A. G. Edwards account, the parties were unable to agree on the application of the proceeds. The probate court decided to "go ahead and appoint Mr. Hardegree to serve as executor, [but] not to make any changes to the account until we can meet next week." The order of September 15, 1999, establishing the will in solemn form granted Hardegree letters testamentary and incorporated Hardegree's agreement as executor to "take no action regarding the A. G. Edwards Agency Account . . ." until a ruling on the pending application for letters of dismission in the related guardianship matter.

1. The first enumeration contends the probate court erred in granting Hardegree's oral motion to dismiss the caveat. The order appointing Hardegree as executor does not expressly dismiss the caveat or preclude Farquharson from pursuing it at the expected subsequent dismission hearing, but it does purport to determine that "no legal or factual basis appeared . . . to refuse granting Letters Testamentary to William B. Hardegree. . . ."

The probate court's reasoning that, in order to consider the merits of Farquharson's caveat, the executor must first be appointed and then challenged by a removal petition is in error.

> The qualification and fitness of an executor to serve is a proper subject of inquiry in a caveat in the probate court. . . . In a proceeding before the issuance of [letters testamentary], setting up objections to such appointment, we see no reason why the same objections that might be urged in a proceeding for removal might not be urged in objections to the original appointment. The fact that the will

was established . . . will not prevent the [probate court], upon a proper showing, from failing and refusing to appoint such [unqualified] persons as executors under the will, although named therein as such.[1]

The procedural error in refusing to entertain the caveator's objections to Hardegree at the probate hearing does not require appellate reversal of his appointment as executor.[2] The merits of the objection can be determined after the subsequent hearing envisioned by the probate court at the probate hearing.[3]

2. Irreconcilable differences and animosity, between a nominated executor on the one hand and the beneficiaries on the other, authorize but do not require the probate court's refusal to appoint the person nominated in the will as executor.[4] The initial appointment of Hardegree as executor is affirmed. The case is remanded for further proceedings, including a hearing on the merits of the caveat,[5] consistent with this opinion.

*Judgment affirmed and case remanded with direction. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 12, 2000 —
RECONSIDERATION DENIED JUNE 27, 2000.

*Miller, Layfield & Lee, Charles W. Miller, L. M. Layfield III, Harry O. Lee, Jr., Sherry B. Goodrum,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Alan F. Rothschild, James E. Humes II, Denney, Pease, Allison & Kirk, John W. Denney,* for appellee.

---

[1] (Citations and punctuation omitted.) *Fountain v. Cabe,* 242 Ga. 787-788 (1) (251 SE2d 529) (1979).

[2] Indeed, since Farquharson has failed to include the evidence he intended to introduce, we cannot rule on the merits of the objections. See *Choi v. Wan,* 207 Ga. App. 73, 74 (2) (427 SE2d 64) (1993).

[3] See, e.g., *Stewart v. State,* 263 Ga. 843, 845 (1) (440 SE2d 452) (1994), overruled on other grounds, *Wall v. State,* 269 Ga. 506, 508-509 (2) (500 SE2d 904) (1998). See also the cases cited in *Stewart,* approving post-trial hearings to rectify procedural error.

[4] See *In re Estate of Bagley,* 239 Ga. App. 877 (522 SE2d 281) (1999).

[5] The October 14, 1999 notice of appeal does not indicate whether the anticipated dismission hearing was ever held. Our relief in this case is strictly procedural. We do not direct that the probate court conduct a second hearing on the merits, if, in fact, such a hearing has already been conducted, unless our ruling in Division 2 authorizes a renewed challenge to Hardegree.