**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 5, 2021**

# In the Court of Appeals of Georgia

A21A1569. IN RE THE ESTATE OF JEFFCOAT.

MCFADDEN, Presiding Judge.

This is an appeal from a probate court's appointing a county administrator, instead of the person nominated as executor in a will, to administer the will of Rhonda Jeffcoat. The person nominated in the will, Eleisha Pate, who is Rhonda Jeffcoat's daughter, argues that the evidence does not support the probate court's decision. But the evidence of animosity between Pate and her half-sister, Shauna Jeffcoat, supports the decision. Pate also argues that the trial court erred in ordering that estate property be sold because she had no notice the issue would be considered. But she failed to object at the hearing when the issue was raised, impliedly consenting to the probate court addressing the issue. So we affirm.

1. *Factual background and procedural posture.*

After Pate filed a petition to probate Rhonda Jeffcoat's will, Shauna Jeffcoat filed an objection to Pate being appointed as executor, even though Rhonda Jeffcoat had named Pate as executor in the will. Both Pate and Shauna Jeffcoat are beneficiaries of the will.

The probate court conducted a hearing at which she heard testimony and then entered an order finding, under the broad meaning of "unfit" in the applicable statute, that Pate was "unfit due to her actions after the death of the Decedent." The court also found that "[i]t is in the best interest of the estate to appoint a County Administrator." Pate filed this appeal.

2. *Some evidence supports the probate court's decision.*

Pate argues that no evidence supports the probate court's decision to decline to appoint her as executor. The testimony from the hearing supports the decision.

"Unless adjudged unfit, nominated executors shall have the right to qualify in the order set out in the will." OCGA § 53-6-10 (b). "The word 'unfit,' as used in this statute, is given a broad meaning and is not merely limited to physical, mental, or moral conditions." *In re Estate of Dunn*, 236 Ga. App. 211, 213-14 (3) (511 SE2d 575) (1999) (addressing former OCGA § 53-7-148). However, "[i]rreconcilable differences and animosity, between a nominated executor on the one hand and the

2

beneficiaries on the other, authorize but do not require the probate court's refusal to appoint the person nominated in the will as executor." *In re Estate of Farquharson*, 244 Ga. App. 632, 634 (2) (535 SE2d 774) (2000). See also *In re Estate of Hubert*, 325 Ga. App. 276, 287 (8) (750 SE2d 511) (2013) (evidence supported probate court's finding of distrust among siblings who were co-executors and beneficiaries, and the decision to remove the parties as co-executors fell within the probate court's discretion).

The evidence presented at the hearing demonstrated irreconcilable differences and animosity between Pate and Shauna Jeffcoat that supports the probate court's ruling. And although Pate argues that the probate court erroneously considered evidence that had not been admitted, there is no indication that the court considered such evidence, which she explicitly had ruled was not admitted. We presume that the probate court relied only upon proper evidence. *In re Cash*, 298 Ga. App. 110, 112 (679 SE2d 124) (2009).

3. *Notice*.

Pate argues that the probate court erred by ordering the sale of estate property when the court had given no notice that it would consider the disposition of property.

By failing to object at the hearing, however, Pate impliedly consented to the probate court addressing the issue.

At the evidentiary hearing, Shauna Jeffcoat requested that the decedent's house be sold and the proceeds distributed to her and Pate. Pate did not object. The probate court announced at the hearing that she was ordering the property immediately to be placed on the market. Pate did not object. Then in her written order, the probate court ordered the administrator to place the decedent's house "on the market as soon as practical."

By failing to object at the hearing when the issue was raised, Pate impliedly consented to the trial court entering a disposition of the decedent's house. *Howington v. Howington*, 281 Ga. 242, 244 (2) (637 SE2d 389) (2006); *In re Hudson*, 300 Ga. App. 340, 347 (4) (685 SE2d 323) (2009); *Ray v. Nat. Health Investors*, 280 Ga. App. 44, 47-48 (2) (633 SE2d 388) (2006).

*Judgment affirmed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*